# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF FRESNO,<br><br>　　　　Defendant. | Case No. 1:15-cv-01410-EPG (PC)<br><br>ORDER CONVERTING MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT AND ALLOWING BOTH PARTIES TO SUBMIT ADDITIONAL EVIDENCE<br><br>(ECF NO. 12) |

## I. BACKGROUND

Elaine K. Villareal ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 17, 2015, Plaintiff filed the complaint commencing this action. (ECF No. 1). In an order dated November 8, 2016, this Court allowed Plaintiff's action to proceed against the County of Fresno on a claim for violation of the Eighth Amendment based on unconstitutional conditions of confinement. (ECF No. 7).

On January 31, 2017, Defendant County of Fresno filed a motion to dismiss on the ground that Plaintiff failed to properly exhaust her administrative remedies. (ECF No. 12). Plaintiff filed an opposition, (ECF No. 19), and Defendant filed a reply (ECF No. 20). The Court heard oral arguments on April 7, 2017, and took the matter under advisement. (ECF No. 25).

"Failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead

and prove.' *Jones v. Bock*, 549 U.S. 199, 204, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). Otherwise, defendants must produce evidence proving failure to exhaust in order to carry their burden." <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014).

Defendant's motion includes evidence beyond the pleadings in support of the position that Plaintiff failed to exhaust her administrative remedies. At oral argument, Plaintiff discussed additional evidence she believes is relevant to the issue, which also went beyond the information in her complaint.

Accordingly, the Court will convert Defendant's motion to dismiss into a motion for summary judgment. Both parties will be given twenty-eight days to file additional evidence if they choose to do so, and fourteen days from receipt of the opposing parties' evidence to file a reply and objections to the opposing parties' evidence, if they choose. Once these deadlines have passed, the Court will either rule on the motion (directly or by issuing findings and recommendations) based on the record or order and evidentiary hearing to resolve disputed issues of fact.

The Court notes that, as discovery has not yet been opened, if any party needs to conduct discovery in order to gather evidence in relation to the motion for summary judgment, that party will need to file a motion to allow discovery.

**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, the Court hereby notifies Plaintiff of the following rights and requirements for opposing Defendant's motion for summary judgment.

### **NOTICE AND WARNING:**

**The Court has converted Defendant's motion to dismiss into a motion for summary judgment. The motion for summary judgment seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.**

**Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[1] that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

### EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS

**You are responsible for filing all evidentiary documents cited in the opposing papers. Local Rule 260(b). If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." See also Fed. R. Civ. P. 56(d).**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is converted into a motion for summary judgment; and

---

[1] The substance of Rule 56(e) from the 1998 version, when Rand was decided, has been reorganized and renumbered with the current version of Rule 56(c).

2. Both parties have twenty-eight days from the date of service of this order to file additional evidence in relation to the motion for summary judgment, and fourteen days from the date of service of the opposing parties' evidence to file a reply and objections to the opposing parties' evidence.

IT IS SO ORDERED.

Dated: **April 10, 2017**

/s/ *Erin P. Grosjean*
UNITED STATES MAGISTRATE JUDGE