UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF FRESNO,<br><br>　　　　Defendant. | Case No. 1:15-cv-01410-EPG (PC)<br><br>ORDER REGARDING PROCEDURES RELATED TO EVIDENTIARY HEARING ON EXHAUSTION<br><br>EVIDENTIARY HEARING SCHEDULED FOR SEPTEMBER 12, 2017, AT 10:00 A.M. |

This order relates to the evidentiary hearing to be held on September 12, 2017, at 10:00 a.m. on the issue of exhaustion of administrative remedies. See Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).

As discussed in the Court's order dated June 30, 2017 (ECF No. 36), the Court will hear evidence regarding the following issues:

- The jail's requirements for exhausting administrative remedies.
- Whether Plaintiff complied with those requirements prior to filing the complaint on September 17, 2015.
- Plaintiff's filing of grievances, or attempts to file grievances, before September 17, 2015, including the subject matter addressed in any such grievances.
- Whether the jail's administrative grievance procedures were "available" before Plaintiff filed her complaint.[1] The critical time period for this question is prior to the

---

[1] Ross v. Blake, 136 S.Ct. 1850, 1860 (2016) (An administrative procedure is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.").

1

filing of Plaintiff's complaint. Although the Court will hear evidence regarding interference with filing grievances after the filing of the complaint, it must have sufficient relevance to the issue of the availability of those procedures to Plaintiff before filing the complaint.

- Whether prison officials responded to Plaintiff's pre-complaint grievances in a reasonable time.[2]

The Court will issue a writ to have Plaintiff transported to the hearing. Defendant is responsible for bringing and presenting its own witnesses and evidence regarding its defense. Additionally, any unincarerated witness may appear voluntarily without further order by coming to the Courthouse at the date and time set for the hearing,

Plaintiff will be given until July 19, 2017, to file a motion for the attendance of witnesses to the extent that she wants the Court to compel witnesses to attend or to arrange for their attendance via the issuance of writs. The witnesses must have relevant evidence regarding the issues described above. The motion should be entitled "Motion for Attendance of Witnesses." The motion must: (1) state the name, address, and prison identification number (if any) of each witness Plaintiff wants to call; (2) explain what relevant information each witness has, and how that witness has personal knowledge of the relevant information; and (3) state whether each such witness is willing to voluntarily testify.[3]

Defendant will be given until July 26, 2017, to file its opposition, if any, to the motion. In

---

[2] Andres v. Marshall, 854 F.3d 1103, 1105 (9th Cir. 2017) ("When prison officials fail to respond to a prisoner's grievance within a reasonable time, the prisoner is deemed to have exhausted available administrative remedies within the meaning of the PLRA.").

[3] Note that if a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

its opposition (or separately, if Defendant has no opposition to the motion), Defendant should state whether it will arrange for the appearance of any witnesses that are in Defendant's employ, specify which witnesses, if any, it will arrange the appearance for, and state whether it would prefer (and can accommodate) a video conference appearance for any inmate witnesses.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has until July 19, 2017, to file a motion for the attendance of witnesses.
2. Defendant has until July 26, 2017, to file its opposition, if any, to the motion. In its opposition (or separately, if Defendant has no opposition to the motion), Defendant should state whether it will arrange for the appearance of any witnesses that are in Defendant's employ, specify which witnesses, if any, it will arrange the appearance for, and state whether it would prefer (and can accommodate) a video conference appearance for any inmate witnesses.

IT IS SO ORDERED.

Dated: **June 30, 2017**　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE