UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF FRESNO,<br><br>　　　　　　Defendant. | Case No. 1:15-cv-01410-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESSES<br><br>(ECF NO. 38)<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF THIS ORDER |

## I. BACKGROUND

Elaine K. Villareal ("Plaintiff") is a prisoner proceeding *pro se*[1] and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on September 17, 2015. (ECF No. 1). This action now proceeds on Plaintiff's original complaint (ECF No. 1) against defendant County of Fresno ("Defendant") on a claim of unconstitutional conditions of confinement. (ECF No. 7). An Albino evidentiary hearing is currently set for November 14, 2017, at 10:30 a.m. (ECF No. 48).

On July 19, 2017, Plaintiff filed a motion for attendance of witnesses ("the Motion"). (ECF No. 38). On July 26, 2017, Defendant objected. (ECF No. 39). Because Plaintiff provided insufficient information regarding what four of her prospective witnesses would testify to, the Court required Plaintiff to submit additional information. (ECF No. 40). On August 16, 2017, Plaintiff submitted additional information. (ECF No. 45). On August 23, 2017, Defendant filed an objection. (ECF No. 50).

Plaintiff's motion for attendance of witnesses is now before the Court.

---

[1] Counsel was appointed for the limited purpose of representing Plaintiff at the upcoming Albino evidentiary hearing. (ECF No. 47).

1

## II. ATTENDANCE OF INMATE WITNESSES

On June 30, 2017, the Court issued an order regarding the procedures related to the evidentiary hearing. (ECF No. 37). Plaintiff was informed that if she wanted the Court to compel witnesses to attend or to arrange for attendance of witnesses via the issuance of habeas corpus ad testificandum, she would need to file a motion for attendance of witnesses. (Id. at p. 2). Plaintiff was told that "[t]he motion must: (1) state the name, address, and prison identification number (if any) of each witness Plaintiff wants to call; (2) explain what relevant information each witness has, and how that witness has personal knowledge of the relevant information; and (3) state whether each such witness is willing to voluntarily testify." (Id.).

## III. PLAINTIFF'S MOTION

Plaintiff seeks to bring eight inmate witnesses to trial: (1) Shannon Reis; (2) Rachael Vasquez; (3) Angie Padilla; (4) Kristen Thompson; (5) Kristy Flores; (6) Sylvia Perez; (7) Monica Macias; and (8) Angelica Gutierrez. (ECF No. 38, pgs. 1-4).

Defendant objected to the Motion on the ground that allowing eight witnesses would be cumulative, and costly. (ECF No. 39, p. 4). Defendant also objected to the Motion on the grounds that "only 'two' of Plaintiff's prospective witnesses (Padilla and perhaps Macias) appears [sic] to have any alleged (or even possible) personal or actual knowledge of the Jail's grievance process during the relevant time-frame," and that, based on what Plaintiff provided, none of the eight prospective witnesses' testimony is sufficiently relevant (Id. at 4-5).

After Plaintiff filed her additional evidence, Defendant objected on the grounds that Plaintiff failed to file any proof regarding the testimony of her prospective witnesses by the Court's deadline, and that Plaintiff once again failed to show that her prospective witnesses' testimony is sufficiently relevant. (ECF No. 50, pgs. 2-5).

## IV. DISCUSSION

"The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." Cummings v. Adams, 2006 U.S. Dist. LEXIS 9381, *6, 2006 WL 449095 (E.D. Cal. Feb. 17, 2006). Accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

The issues at the Albino evidentiary hearing are whether Plaintiff attempted to exhaust her administrative remedies and whether the grievance procedure was available to Plaintiff before September 17, 2015. Accordingly, the most relevant witnesses are ones that can testify regarding the availability of the grievance procedure in the months before September 17, 2015. As the Court informed the parties, "[a]lthough the Court will hear evidence regarding interference with filing grievances after the filing of the complaint, [the evidence] must have sufficient relevance to the issue of the availability of those procedures to Plaintiff before filing the complaint." (ECF No. 37, pgs. 1-2).

After conducting a "cost-benefit analysis regarding whether the inmate[s] should come to court," Cummings, 2006 U.S. Dist. LEXIS 9381 at *7, the Court has determined that Angie Padilla, Monica Macias, and Kristy Flores should to come to Court. The Court will deny Plaintiff's motion as to the remaining witnesses.

For Ms. Padilla, Ms. Macias, and Ms. Flores, Plaintiff has provided declarations regarding their testimony. (ECF No. 30, p. 6; ECF No 45, p. 3; ECF No. 45, pgs. 4-5).[2] Both Angie Padilla and Monica Macias have stated that they witnessed Plaintiff submit grievance forms prior to the filing of this complaint. (ECF No. 30, p. 6; ECF No 45, p. 3). This is directly relevant to the issue of whether Plaintiff exhausted her available administrative remedies prior to filing her complaint. As to Kristy Flores, while she does not appear to have personal knowledge regarding whether Plaintiff's filed or attempted to file grievances, she allegedly filed grievances around the same time Plaintiff filed or attempted to file grievances, as well as before and after. (ECF No. 45, p. 4). Accordingly, it appears that she has relevant personal knowledge regarding the availability of the grievance procedure during the same time period as Plaintiff filed or attempted to file grievances. This evidence is relevant to determining whether the institution's grievance procedures were "available" under the law.

As to the remaining five witnesses, after conducting a cost-benefit analysis, the Court

---

[2] The Court notes that Plaintiff timely filed her additional evidence. It appears to be undisputed that Plaintiff placed her additional evidence in the mail on August 10, 2017. (ECF No. 45, p. 8). As *pro se* prisoners are entitled to the mailbox rule, Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009), her filing was timely.

finds that they should not be brought to Court. Plaintiff has not shown that the testimony offered by these witnesses would be sufficiently relevant to justify the cost. They do not have direct knowledge of Plaintiff's attempts to file grievances prior to the complaint, nor the availability of grievance procedures at that time.

Specifically, Plaintiff puts forth Shannon Reis to testify regarding an incident that apparently happened in March of 2017, which is approximately a year and a half after Plaintiff filed her case. (ECF No. 33, pgs. 6-7). As to Kristen Thompson, she was not in Fresno County Jail until over a year after Plaintiff filed this case. (Id. at 18). Additionally, Plaintiff provided very little detail regarding the scope of her testimony. (Id.). As to Sylvia Perez, Plaintiff provided very few details regarding the incidents Sylvia Perez would testify to, and failed to provide the dates of the incidents. (ECF No. 38, pg. 3-4; ECF No. 45, pgs. 1-2). As to Angelica Gutierrez, she has only been in Fresno County Jail since June 22, 2017. (ECF No. 45, p. 1). As to Rachael Vasquez, she appears to have no personal knowledge of whether Plaintiff filed or attempted to file grievances, and only one date was provided for when the incidents she discusses occurred (and it was in April of 2017). (ECF No. 33, pgs. 9-11).

Accordingly, the Court finds that the testimony of Shannon Reis, Kristen Thompson, Sylvia Perez, Angelica Gutierrrez, and Rachael Vasquez is not sufficiently relevant to justify the cost of bringing them to Court.

Therefore, after conducting a cost-benefit analysis, the Court finds that only Angie Padilla, Monica Macias, and Kristy Flores should be brought to testify at the Albino hearing, in addition to Plaintiff herself.[3]

**V. ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for the attendance of witnesses, filed on July 19, 2017, is GRANTED in part.

\\\

\\\

---

[3] The Court is not precluding any objections to their testimony, which will be addressed at the Albino hearing.

4

Approximately one month before the Albino hearing the Court will issue writs of habeas corpus ad testificandum to have Angie Padilla, Monica Macias, and Kristy Flores brought to testify at the Albino hearing.[4]

IT IS SO ORDERED.

Dated: **September 5, 2017**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that to the extent that Plaintiff wishes to bring witnesses to the hearing that are not incarcerated and are willing to testify voluntarily, she does not need the Court's approval.