1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                              EASTERN DISTRICT OF CALIFORNIA

9

10    ELAINE K. VILLAREAL,                      Case No. 1:15-cv-01410-EPG (PC)

11                        Plaintiff,            ORDER ON PLAINTIFF'S ALLEGATIONS OF
                                                RETALIATION
12          v.
                                                (ECF NO. 46)
13    COUNTY OF FRESNO,
                                                ORDER DIRECTING CLERK TO SEND
14                        Defendant.            PLAINTIFF A COPY OF THIS ORDER

15

16

17          Elaine K. Villareal ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in

18    this civil rights action filed pursuant to 42 U.S.C. § 1983.

19          On August 17, 2017, Plaintiff filed objections to Defendant's request for an extension of

20    time.  (ECF No. 46).  In those objections, Plaintiff stated that she believes she is being retaliated

21    against because she filed this lawsuit.  According to Plaintiff, on one occasion, she was not

22    provided with lunch.  On another occasion, she was woken up by a male voice over her intercom

23    at 4:30 a.m. asking her if she wanted to go to yard, even though she was not scheduled to go to

24    yard.  On another occasion, she was not provided with her medication.  And finally, on another

25    occasion a correctional officer came into her cell and took her blanket, as well as all but one pair

26    of her underwear (and the only pair she was left with was ripped).

27          On September 12, 2017, Defendant filed a response.  (ECF No. 54).  While Defendant has

28    no record of whether Plaintiff received lunch on July 31st, 2017, there was no officer Vang

                                                    1

working during lunch time (Officer Vang was allegedly one of the officers allegedly responsible for the lunch deprivation). As to Plaintiff's allegation regarding yard, Defendant states that Plaintiff does not have individual yard privileges, and suggests that her intercom may have experienced "bleed-over" from a call to AJ 3B area. As to Plaintiff's allegation of not getting medication, Defendant states that, according to Plaintiff's records, she received her medication on August 10, 2017. As to Plaintiff's allegation that her underwear was taken, Defendant states that regular weekly inspections occur. Plaintiff was found to be in possession of three extra (and hidden) pairs of underwear. Those three pairs were confiscated, but Plaintiff was left with three pairs of underwear.

Defendant also generally challenged the legal sufficiency of Plaintiff's allegations. Defendant notes that Plaintiff's allegations were mentioned in a pleading related to witnesses attending a hearing. Plaintiff has not moved to amend her complaint to address these issues, and they are not part of her current complaint. Defendant also asserts that the allegations have nothing to do with Plaintiff's filing of grievances, and certainly not the grievances at issue in the upcoming <u>Albino</u> hearing.

In light of Defendant's response, the Court will not take further action at this time. Defendant is correct that Plaintiff's allegations are not yet a formal request for relief and are not part of this litigation. That said, the Court takes allegations of retaliation seriously, especially to the extent any person interferes with Plaintiff's ability to pursue her complaint in this court. To the extent Plaintiff believes that any person, especially one employed by Defendant, is interfering with her ability to pursue her case, she can raise the issue again. [1]

Moreover, if Plaintiff believes her constitutional rights are being violated, she may bring a claim for that violation. If related to this complaint, she may move to amend her complaint. If unrelated to the current complaint, she should file a new complaint, which will be subject to the

---

[1] <u>See, e.g.</u>, <u>Fink v. Gomez</u>, 239 F.3d 989, 992 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct.").

ordinary rules regarding exhaustion of administrative remedies.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Court will not grant Plaintiff any relief at this time regarding her allegations of retaliation; and

2. The Clerk of Court is directed to send Plaintiff a copy of this order.

IT IS SO ORDERED.

Dated:  **September 18, 2017**                    /s/ _Erica P. Grosjean_

                                                  UNITED STATES MAGISTRATE JUDGE