UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO and SHERIFF MARGARET MIMS,<br><br>    Defendants. | Case No. 1:15-cv-01410-DAD-EPG (PC)<br><br>ORDER SETTING ASIDE DEFAULT AND GRANTING DEFENDANTS AN EXTENSION OF TIME TO FILE THEIR RESPONSIVE PLEADING<br><br>(ECF NOS. 105, 106, & 107) |

    Elaine Villareal ("Plaintiff") is a prisoner proceeding *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Defendant County of Fresno's responsive pleading was due no later than April 30, 2018. (ECF No. 102). County of Fresno did not timely file its responsive pleading, and on May 4, 2018, Plaintiff filed a request for entry of default against defendant County of Fresno. (ECF No. 104). Default was entered. (ECF No. 106). On that same day, County of Fresno filed a request to set aside the entry of default, and Defendants filed a request for additional time to file their responsive pleading. (ECF Nos. 105 & 107).

    Defendants argue that there is good cause to set aside the entry of default against County of Fresno because County of Fresno has been acting promptly and in good faith. Prior to the responsive pleading deadline, counsel for Defendants spoke with counsel for Plaintiff regarding the case, including the need for additional time to file the responsive pleading. Counsel for Defendants requested a thirty-day extension. Counsel for Plaintiff was agreeable to an extension, but thought a lesser extension was in order. Counsel for Plaintiff agreed to a

1

seven-day extension, although a formal request was never filed with the Court. Despite the agreement, Counsel for Plaintiff filed the request for entry of default. Counsel for Defendants attempted to get into contact with counsel for Plaintiff prior to filing the response to the request for entry of default, but was unable to. Accordingly, Defendants argue that there is good cause to set aside the entry of default.

Additionally, Defendants request that they be given until May 31, 2018, to file their responsive pleadings. Defendants argue that the extension is necessary because Defendants' counsel needs to confer with Plaintiff's counsel. Additionally, defendant Mims has been absent from Fresno, and this case may be assigned to new counsel.

Under Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause…." "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original) (quoting Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." (Id.).

"[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits." Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974). See also Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

It does not appear that County of Fresno engaged in culpable conduct, it does not appear that County of Fresno lacks a meritorious defense, and there does not appear to be any prejudice to Plaintiff if the entry of default is set aside. In fact, it appears that Plaintiff knew

that County of Fresno was going to defend this suit, and that County of Fresno was seeking an extension of time to file its responsive pleading. Based on this, and the strong public policy in favor of deciding cases on the merits, the Court finds good cause to set aside the entry of default.

The Court also finds good cause to grant Defendants an extension of time to file their responsive pleading.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED THAT:

1. The entry of default against County of Fresno (ECF No. 106) is set aside; and
2. Defendants have until May 31, 2018, to file their responsive pleading.

IT IS SO ORDERED.

Dated: **May 7, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE