UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO and SHERIFF MARGARET MIMS,<br><br>        Defendants. | Case No. 1:15-cv-01410-DAD-EPG (PC)<br><br>ORDER FOLLOWING HEARING<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF COPY OF THIS ORDER |

      Elaine Villareal ("Plaintiff") is a prisoner proceeding *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 27, 2018, the Court held a hearing in this case. Counsel Jeff Price personally appeared on behalf of Plaintiff. Counsel Scott Hawkins personally appeared on behalf of Defendants.

      For the reasons stated on the record, and in an effort to secure the just, speedy, and inexpensive disposition of this action,[1] IT IS ORDERED that:

    I.    Discovery is now open. Defendant's objection to the opening of discovery is overruled, except that Plaintiff may not take discovery as to her claim regarding a

---

[1] *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

1

1  lack of programming at Fresno County Jail.  The Court may further limit discovery at a later date based on the outcome of the pending motion to dismiss.

II. A Mandatory Scheduling Conference is set for August 27, 2018, at 1:30 p.m., before United States Magistrate Judge Erica P. Grosjean, in Courtroom 10 at the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721.  Defendants may appear by their counsel.  Counsel have leave to appear by phone.  Plaintiff shall appear telephonically.  Parties appearing by phone shall dial 1-(888) 251-2909 and enter access code 1024453.

III. Plaintiff shall make arrangements with staff at her institution of confinement for her attendance at the Mandatory Scheduling Conference, in addition to the appearance of Plaintiff's counsel.  Plaintiff's institution of confinement shall make Plaintiff available for the conference at the date and time indicated above.  Additionally, defense counsel is hereby ordered to confirm with Plaintiff's institution of confinement that arrangements have been made for Plaintiff's attendance prior to the conference.

IV. A Joint Scheduling Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, by August 23, 2018, and shall be emailed in Word format to epgorders@caed.uscourts.gov.  The Joint Scheduling Report shall indicate the date, time, and courtroom of the Scheduling Conference.  This information is to be placed opposite the caption on the first page of the Report. The Joint Scheduling Report shall contain the following items by corresponding numbered paragraphs:

   1. Whether the parties intend to conduct any inspections of the facility at issue, and any agreement or dispute regarding when and under what circumstances such an inspection shall take place;
   2. Categories of documents likely to be the subject of discovery, and their location;
   3. A proposed deadline for amendments to pleadings.  Any proposed amendment to the pleadings shall be referenced in the Scheduling

Conference Report. If the matter cannot be resolved at the Scheduling Conference, the moving party shall file a motion to amend in accordance with the Local Rules of the Eastern District of California.

4. A complete and detailed discovery plan addressing the following issues and proposed dates:

    i. A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;

    ii. A firm cut-off date for non-expert discovery. When setting this date, the parties are advised that motions to compel must be filed and heard sufficiently in advance of the deadlines so that the Court may grant effective relief within the allotted discovery time. The Court recommends this date be scheduled no later than nine (9) months from the scheduling conference;

    iii. A date for a mid-status discovery conference that should be scheduled approximately six (6) months after the scheduling conference, or two (2) months before the non−expert discovery deadline, whichever is earliest;

    iv. A firm date for disclosure of expert witnesses, required by Fed. R. Civ. P. 26(a)(2), rebuttal experts, as well as the cut-off for the completion of all expert discovery. The parties shall allow thirty (30) days between each of the expert discovery deadlines.

    v. A date for the filing of dispositive motions (except motions in limine or other trial motions). The Court suggests this date be forty-five (45) days after the expert discovery deadline.

    vi. A pre-trial conference date which shall be approximately two hundred and ten (210) days after the dispositive motion filing deadline.

vii. A trial date which shall be approximately sixty (60) days after the proposed pre-trial conference date.

5. The parties are encouraged to discuss settlement, and must include a statement in the Joint Scheduling Report as to the possibility of settlement. The parties shall indicate when they desire a settlement conference, *e.g.,* before further discovery, after discovery, after pre−trial motions, *etc.* Among other things, counsel will be expected to discuss the possibility of settlement at the Scheduling Conference.

6. A statement as to whether the case is a jury or non-jury case. The parties shall briefly outline their respective positions if there is a disagreement as to whether a jury trial has been timely demanded, or as to whether a jury trial is available on some or all of the claims.

7. A statement as to whether documents were generated in connection with any investigation related to the event(s) at issue in the Complaint or the processing of Plaintiff's grievance(s), and if there were, whether those documents are subject to any claims of privilege.

8. A statement as to whether any party intends to challenge the issue of exhaustion, and if so, when that party intends to file a motion for summary judgment regarding the issue of exhaustion.

9. An estimate of the number of trial days required. If the parties cannot agree, each party shall give his or her best estimate.

10. The parties' position regarding consent to proceed before a United States magistrate judge. Note that the parties need not make a final decision on the issue of consent until after the Scheduling Conference, but should state their current position in this Statement and expect to make a final decision soon after the Scheduling Conference. The parties may wish to consider that, when a civil trial is set before the district judges in the Fresno Division, any criminal trial or older civil trial that conflicts with the civil trial will take

priority, even if the civil trial was set first.  Continuances of civil trials under these circumstances may no longer be entertained, absent good cause, but the civil trial may instead *trail* from day to day or week to week until the completion of either the criminal case or the older civil case.  Parties are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

V. The Clerk of Court is directed to send Plaintiff a copy of this order.

IT IS SO ORDERED.

Dated: **July 27, 2018**

/s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE