# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO and SHERIFF MARGARET MIMS,<br><br>    Defendants. | Case No. 1:15-cv-01410-DAD-EPG (PC)<br><br>**AMENDED SCHEDULING CONFERENCE ORDER**<br><br>Non-expert Discovery Cutoff: September 20, 2019<br><br>Expert Disclosure Deadline: October 18, 2019<br><br>Rebuttal Expert Disclosure: November 15, 2019<br><br>Expert Discovery Cutoff: December 13, 2019<br><br>Exhaustion Motion Filing Deadline: April 12, 2019<br><br>Dispositive Motion Filing Deadline: January 24, 2020<br><br>Settlement Conf.: Vacated<br><br>Pretrial Conf.: Date: Sep. 14, 2020<br>Time: 1:30 p.m.<br>Dept: 5<br><br>Jury Trial: Date: November 10, 2020<br>Time: 8:30 a.m.<br>Dept: 5 |

This Court conducted a status conference on January 23, 2019. Counsel Jeff Price telephonically appeared on behalf of Plaintiff. Counsel Leslie Dillahunty telephonically appeared on behalf of Defendants. For the reasons stated on the record, the Court issues this amended scheduling order.

**I.      Consent to Magistrate Judge**

The parties have not consented to Magistrate Judge jurisdiction.  Out of fairness, the Court believes it is necessary to forewarn litigants that the Fresno Division of the Eastern District of California now has the heaviest District Court Judge caseload in the entire nation.  While the Court will use its best efforts to resolve this case and all other civil cases in a timely manner, the parties are advised that not all of the parties' needs and expectations may be met as expeditiously as desired.  As multiple trials are now being set to begin upon the same date, parties may find their case trailing with little notice before the trial begins.  The law requires that the Court give any criminal trial priority over civil trials or any other matter.  The Court must proceed with a criminal trial even if a civil trial was filed earlier and set for trial first.  Continuances of any civil trial under these circumstances will no longer be entertained, absent a specific and stated finding of good cause.  All parties should be informed that any civil trial set to begin during the time a criminal trial is proceeding will trail the completion of the criminal trial.

The parties are reminded of the availability of United States Magistrate Judge Erica P. Grosjean to conduct all proceedings in this action.  A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  The same jury pool is used by both United States Magistrate Judges and United States District Court Judges.  Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.  However, the parties are hereby informed that no substantive rulings or decisions will be affected by whether a party chooses to consent.

Finally, the Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges.  Pursuant to the Local Rules, Appendix A, reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.  Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial.

///

**II.     Discovery Cutoffs and Limits**

All non-expert discovery shall be completed no later than **September 20, 2019**. No further extensions of this deadline will be granted. Initial expert witness disclosures shall be served no later than **October 18, 2019**. Rebuttal expert witness disclosures shall be served no later than **November 15, 2019**. Such disclosures must **be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B) and (C), and shall include all information required thereunder**. In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) specifically apply to discovery relating to expert witnesses and their opinions. Each expert witness must be fully prepared to be examined on all subjects and opinions included in the disclosures. Failure to comply with these requirements will result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

All expert discovery shall be completed no later than **December 13, 2019**. The parties are advised that motions to compel must be filed no later than **August 21, 2019**, so that the Court may grant effective relief within the allotted discovery time.

**III.     Pretrial Motion Schedule**

*A.     General Information Regarding Filing Motions*

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[1] *all* moving and opposition briefs or legal memoranda, including joint statements of discovery disputes, filed in civil cases before Magistrate Judge Grosjean, shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limits do not include exhibits. When scheduling motions (other than discovery motions) the parties shall comply with Local Rule 230.

Counsel or *pro se* parties may appear and argue motions by telephone, provided a request to so do is made to Michelle Rooney, Magistrate Judge Grosjean's Courtroom Deputy (unless prior permission has been given by the judge), no later than five (5) court days before the noticed hearing date. Requests can be made by emailing Ms. Rooney at mrooney@caed.uscourts.gov. If

---

[1] Parties may seek leave through a telephonic conference among all parties and the Court, or by short motion.

3

the parties are appearing telephonically, each party shall dial 1 (888) 251-2909 and enter access code 1024453.

### 1. *Informal Discovery Conference*

In order to file a discovery motion pursuant to Fed. R. Civ. P. 37, a party must receive permission from the Court following an informal telephone conference. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue. Before contacting the Court, the parties must meet and confer by speaking with each other in person, over the telephone, or via video in an attempt to resolve the dispute.

Prior to the conference, both parties shall simultaneously submit letters, outlining their respective positions regarding the dispute. The Court will provide the date the letters are due at the time the conference is scheduled. Such letters shall be no longer than three (3) pages single spaced, and may include up to five (5) pages of exhibits. Letters shall be emailed to Magistrate Judge Grosjean's chambers at epgorders@caed.uscourts.gov, and *not* filed on the docket.

At the time of conference, the parties shall dial 1 (888) 251-2909 and enter access code 1024453. Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

### 2. *Discovery Motions*

If a motion is brought pursuant to Fed. R. Civ. P. 37, after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[2] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). Motions to shorten time will *only* be granted upon a showing of good cause. If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement, not to exceed twenty-five (25) pages, must be filed seven (7) calendar

---

[2] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). In addition to filing the Joint Statement electronically, a copy of the Joint Statement in Word format must be sent to Magistrate Judge Grosjean's chambers via email to epgorders@caed.uscourts.gov. Courtesy copies for any pleading in excess of twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the Joint Statement is electronically filed. Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

### *B. Exhaustion and Dispositive Motions*

The deadline for Defendant(s) to present any challenge for failure to exhaust administrative remedies is **April 12, 2019**. The exhaustion issue may be raised only by filing a motion for summary judgment under Federal Rule of Civil Procedure 56. Failure to raise the exhaustion issue by this deadline will result in waiver of the defense. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (providing that the exhaustion question should be decided as early as feasible).

All other dispositive pre-trial motions shall be served and filed no later than **January 24, 2020**.

All dispositive motions will be heard by Judge Grosjean, who will issue findings and recommendations to District Judge Dale A. Drozd. In scheduling such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

#### **1.** *Motions for Summary Judgment or Summary Adjudication*

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion. **In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties**. The moving party is responsible for filing the joint statement. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to do so.

### IV. Settlement Conference

The settlement conference that is currently set before Magistrate Judge Jeremy D. Peterson on March 11, 2019, is vacated.

### V. Pretrial Conference

The pretrial conference is set for **September 14, 2020, at 1:30 p.m.**, in Courtroom 5, before District Judge Dale A. Drozd. The parties are directed to file a joint pretrial statement that complies with the requirements of this Court's Local Rule 281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Word format to Judge Drozd's chambers at dadorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 281 and 282. This Court will insist upon strict compliance with these rules. At the pretrial conference, the Court will set deadlines to file motions *in limine*, final witness lists, exhibits, jury instructions, objections, and other trial documents.

### VI. Trial Date

A jury trial is set for **November 10, 2020, at 8:30 a.m.**, in Courtroom 5 before District Judge Dale A. Drozd. The parties' attention is directed to this Court's Local Rule 285 for the preparation of trial briefs.

### VII. Related Matters Pending

There are no related matters pending before this Court.

### VIII. Compliance with Federal Procedures

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

///

## IX. Effect of This Order

This order represents the Court and the parties' best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).[3]

***The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.*** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, that establish good cause for granting the requested relief. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **January 24, 2019**

/s/ Eric P. Groig
UNITED STATES MAGISTRATE JUDGE

---

[3] No further extensions of the non-expert discovery cutoff will be granted.