UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO and SHERIFF MARGARET MIMS,<br><br>    Defendants. | Case No. 1:15-cv-01410-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR ALTERNATIVELY, TO STRIKE CERTAIN PORTIONS THEREOF, BE GRANTED IN PART AND DENIED IN PART<br><br>(ECF NO. 112)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.  BACKGROUND**

Elaine Villareal ("Plaintiff") is a former prisoner proceeding *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's First Amended Complaint ("FAC"), on Plaintiff's § 1983 claims against defendants County of Fresno and Margaret Mims based on conditions of confinement.  (ECF No. 95).

On June 1, 2018, Defendants filed a motion to dismiss Plaintiff's FAC for failure to state a claim, or in the alternative, to strike certain portions thereof.  (ECF No. 112).  On July 13, 2018, Plaintiff filed her opposition to the motion.  (ECF No. 117).  On July 20, 2018, Defendants filed their reply.  (ECF No. 118).  The Court held a hearing on the motion on July 27, 2018.  (ECF No. 119).

Defendants' motion is now before the Court.  For the reasons described below, the Court will recommend that the motion be granted in part and denied in part.

///

1

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff filed her FAC on March 12, 2018. (ECF No. 91). Plaintiff's allegations are as follows.

Plaintiff was booked into the Fresno County South Annex Jail on March 5, 2015. Due to overcrowding of the California Prison System and enactment of AB109, she was booked in Fresno County instead of a state prison.

Plaintiff suffers from severe health problems, including asthma, allergies, pulmonary problems, and difficulty breathing.

In the Fresno County South Annex Jail, Plaintiff was continuously exposed to unhealthy, cruel, unsafe, and dangerous conditions, including black mold, insect bites, exposed steel, and crumbling concrete with mold, fungus, and possible asbestos. Her asthma worsened, she developed sores on her body, and she experienced pain, emotional distress, and despair.

Additionally, she was not afforded even minimal exercise (she was confined to an extremely small cell or cell-block 99% of the time). Defendants deprived Plaintiff of all access to outdoor exercise for a period of weeks, and have not provided Plaintiff with more than an average of 45 minutes per week of outdoor exercise.

Further, Plaintiff is a mother of six, but was denied contact visits with her children.

Finally, Plaintiff was not afforded any kind of programming to provide transition to everyday life.

Plaintiff filed grievances and inmate appeals and notified defendant County of Fresno of the dangerous conditions at the jail and the deleterious effect of policies against contact visits and inmate programming. However, Defendants ignored Plaintiff's requests.

Plaintiff brings a claim against the County of Fresno and Sheriff Margaret Mims for conditions of confinement that violate the cruel and unusual punishment clause of the Eighth Amendment. Plaintiff alleges that "defendants caused and are responsible for the unlawful conduct and resulting harm by, *inter alia*, authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by

failing and refusing to initiate and maintain adequate training, supervision and staffing with deliberate indifference to Plaintiff's rights, by failing to maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under its direction and control." (ECF No. 91, p. 3).

### III. DEFENDANTS' MOTION TO DISMISS

#### a. Legal Standard for Motion to Dismiss

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. See Iqbal, 556 U.S. at 679. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for

the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001).

### b. Legal Standard for Eighth Amendment Conditions of Confinement Claims

Under the Eighth Amendment, prison officials have an affirmative duty to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). However, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.1996), opinion amended on denial of reh'g (9th Cir. 1998) 135 F.3d 1318; Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982); Wright v. Rushen, 642 F.2d 1129, 1132–33 (9th Cir.1981); Wolfish v. Levi, 573 F.2d 118, 125 (2nd Cir.1978). A prison official violates the Eighth Amendment if the following two prongs are satisfied: 1) the relevant deprivation must be "objectively, 'sufficiently serious,'" and 2) the prison official demonstrated subjective "'deliberate indifference' to inmate health or safety." Farmer v. Brennan, 511 US. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 302-03 (1991)).

4

In examining whether the relevant deprivation is "objectively, 'sufficiently serious,'" "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise -- for example, a low cell temperature at night combined with a failure to issue blankets." Wilson, 501 U.S. at 304. However, "[t]o say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Id. at 305.

The requisite state of mind for "deliberate indifference" is one of "more than mere negligence," but does not go so far as to require a "'maliciou[s] and sadisti[c]'" state of mind. Farmer, 511 U.S. at 835-36 (quoting Wilson, 501 U.S. at 302-03). Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. However, the factfinder "may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citation omitted).

### c. Supervisory Liability

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed

to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### d. Monell Liability

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." Connick v. Thompson, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

### e. Summary of Defendants' Arguments

Defendants argue that Plaintiff has failed to state a claim under the Eighth Amendment for unconstitutional conditions of confinement. (ECF No. 112-2, p. 13).

Plaintiff argues that the County of Fresno is liable because defendant Mims had final policymaking authority from the County of Fresno, and defendant Mims, in violating Plaintiff's constitutional rights, acted pursuant to an expressly adopted official policy, or absence of an official policy, or a widespread or longstanding practice or custom of defendant County of Fresno. (Id.). However, Plaintiff's complaint is devoid of any factual support regarding the

actions or inactions of defendant Mims. (Id. at 15). Plaintiff's FAC also fails to explain how, when, or even whether defendant Mims knew of or learned about any of the allegations. (Id. at 17). Instead, Plaintiff's FAC included "virtually every piece of legal-standards verbiage related to the various approaches to a *Monell* claim that she could find, and simply stitched them all together and recited them." (Id. at 15).

Thus, Plaintiff has failed to sufficiently allege that defendant Mims was deliberately indifferent to Plaintiff's health or safety. (Id. at 17). And, "the FAC relies on Sheriff Mims as the sole source of any potential liability for the County under *Monell (Public entity liability standards)*." (Id. at 14). Therefore, Plaintiff has also failed to sufficiently allege a claim against the County of Fresno. (Id.).

Defendants argues that this kind of "shotgun" pleading violates Federal Rule of Civil Procedure 8. (Id. at 16).

Further, Defendants argue that liability cannot be imposed on defendant Mims under a theory of *respondeat superior* liability. Instead, a "supervisor may be held liable only if he or she 'participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" (Id. at 28) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). Moreover, for a supervisor to be liable a plaintiff must first state a cognizable claim against the supervisor's subordinates, which Plaintiff has not done. (Id. at 28-29).

Next, Defendants address each of Plaintiff's specific complaints regarding her conditions of confinement. As to Plaintiff's complaint regarding a lack of programming, Defendants argue that inmates do not have an Eighth Amendment right to programming. (Id. at 31).

As to Plaintiff's complaint regarding a lack of contact visits, Defendants argue that inmates do not have a constitutional right to contact visits. (Id. at 32).

As to Plaintiff's complaints regarding exposed metal and crumbling walls, Defendants argue that Plaintiff lacks standing because she did not plead that she suffered an injury-in-fact. (Id.). Additionally, the mere fact that there is exposed metal and crumbling walls in a prison does not rise to the level of a constitutional violation. (Id. at 33-34).

As to Plaintiff's complaint regarding insects, Plaintiff failed to allege sufficient facts. (Id. at 35). She states that she experienced "bites," but there are no other facts related to this claim (such as "the length of the alleged exposure, the frequency, type of insect, or the nature or extent of the alleged infestation or bites"). (Id.).

As to Plaintiff's complaint regarding a lack of sufficient exercise, the inquiry is fact specific, and Plaintiff failed to specify the length of the deprivation. (Id. at 37). Additionally, based on the allegations, it is impossible to ascertain why Plaintiff was denied outdoor exercise. (Id. at 38). Thus, Plaintiff has failed to state a claim based on this allegation. (Id.).

As to Plaintiff's complaints regarding mold and asbestos, Plaintiff simply includes legal "buzzwords." (Id. at 39). She provides no factual allegations about the circumstances surrounding this allegation. (Id.). Thus, Plaintiff has failed to state a claim based on these allegations. (Id. at 40).

Finally, Defendants argue that there is no justification in the FAC for punitive damages against defendant Mims. (Id. at 42). Thus, the request for punitive damages should be stricken. (Id.).

### f. Summary of Plaintiff's Arguments

Plaintiff argues that, under the applicable legal standards, she has plausibly alleged a claim for relief.

As to her allegation regarding lack of outdoor exercise, Plaintiff argues that she alleged the claim in her original complaint, and realleged the claim in her amended complaint. (ECF No. 117, pgs. 7-8). Additionally, "[i]n *Allen v. Sakai*, the Ninth Circuit found a violation of the Eighth Amendment when a plaintiff in that matter was found to have been provided outdoor recreation during a six-week period of only 45 minutes per week." (ECF No. 117, p. 8). In this case, Plaintiff alleges that "Defendants have, for periods of weeks, deprived plaintiff of all access to outdoor exercise, and have not provided plaintiff with more than an average of 45 minutes per week of outdoor exercise." (Id.).

As to her allegation regarding exposed metal, Plaintiff alleges that the exposed metal could be used as a weapon, "thereby identifying the link between the condition and how such a

condition violates plaintiff's constitutional right under the Eighth Amendment to be protected from harm at the hands of other inmates." (Id. at 9).

As to her allegations regarding insects, fungus and mold exposure, and crumbling walls, Plaintiff alleges continual exposure to insect bites, insect infestation, and the presence of insects. (Id.). She also alleges exposure to mold, fungus, and possible asbestos. These conditions exacerbated her asthma and caused recurring sores on her body. (Id.). Defendants failed to investigate or resolve the unsafe conditions, despite Plaintiff filing grievances. (Id. at 9-10).

Plaintiff "alleges *Monell* liability through ratification on the part of Defendant Mims… in addition to alleging municipal liability through inadequate training…, and an expressly adopted official policy." (Id. at 10).

Finally, Plaintiff argues that the FAC does include specific allegations against defendant Mims. "The FAC alleges that Mims, who, as Sheriff, is responsible for the operation of the jail under Title 15 of the California Code of Regulations, 'ignor[ed] and fail[ed]' to remedy the substandard conditions of confinement alleged in the FAC. The FAC gives fair notice to the County of Fresno and its Sheriff, Defendant Mims, who is directly responsible by law for operating the jail, which houses inmates who are in a special relationship with her, that their actions in deliberately ignoring substandard conditions in the jail, which Plaintiff exhausted through the county's exhaustion process, have harmed Plaintiff." (Id.) (alteration in original).

### g. Analysis

For the reasons described below, Defendants' motion will be granted in part and denied in part.

#### i. Plaintiff's Claim Based on Dilapidated and Decaying Jail

While Defendant attempts to address most of the allegedly unconstitutional conditions separately, in large part, Plaintiff's complaint centers around the allegation that she was housed in a dilapidated and decaying jail (the Fresno County South Annex Jail). The conditions included mold, fungus, crumbling walls, exposed metal, possible asbestos exposure, and an insect infestation. In addition to putting Plaintiff at risk of being attacked by other inmates,

these conditions led to the worsening of Plaintiff's asthma, insect bites, and Plaintiff developing sores.

Taken together, which is how Plaintiff alleged her claim, the Court finds that Plaintiff has plausibly alleged that the conditions led to an objectively sufficiently serious deprivation.

While Defendant also argues that Plaintiff's complaint is devoid of any factual support regarding the actions or inactions of defendant Mims, Plaintiff alleges she filed grievances, which put jail officials on alert. Moreover, many of the alleged conditions appear to be obvious, and a factfinder "may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842 (citation omitted). Accordingly, Plaintiff has plausibly alleged that defendant Mims knew of the conditions, but did nothing to remedy them.

Moreover, given that, allegedly, nothing was done despite the apparent obviousness of the conditions, as well as the grievances that Plaintiff filed, Plaintiff has plausibly alleged that the jail was kept in this state as a matter of official municipal policy. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." Connick, 563 U.S. at 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

As to Defendants' standing arguments, they are not well taken. As summarized in the paragraph above, Plaintiff clearly alleges the injuries she suffered.

Accordingly, this Court recommends that Defendants' motion to dismiss be denied as to Plaintiff's conditions of confinement claim based on the dilapidated and decaying condition of the Fresno County South Annex Jail.

### ii. Plaintiff's Claim Based on Lack of Outdoor Exercise

Plaintiff has also sufficiently alleged a conditions of confinement claim based on a lack of outdoor exercise. Plaintiff alleges that she has been confined in Fresno County Jail since March of 2015, and that "Defendants have, for periods of weeks, deprived plaintiff of all access to outdoor exercise, and have not provided plaintiff with more than an average of 45 minutes

per week of outdoor exercise." (ECF No. 91, p. 5). Plaintiff also alleges that the denial of exercise was pursuant to policy, and that defendant Mims was the final policy maker for the County of Fresno. (Id. at 6).

In Keenan, 83 F.3d at 1087, the Ninth Circuit held that an Eighth Amendment claim based on denial of exercise should proceed to trial where inmate was denied outdoor exercise for six months as part of his punishment for violating prison rules regarding possession of weapons. The Keenan court cited to Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979), where the Ninth Circuit noted that "[t]here is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates." The Keenan court also cited to Toussaint v. Yockey, 722 F.2d 1490, 1492–93 (9th Cir. 1984) (upholding preliminary injunction requiring outdoor exercise) and Allen v. Sakai, 48 F.3d 1082, 1087–88 (9th Cir. 1994) (no qualified immunity to outdoor exercise claim).

Given this case law, the Court will recommend denying Defendants' motion to dismiss as to Plaintiff's lack of outdoor exercise claim. The Court is not making a determination that Plaintiff's factual allegations do or do not constitute a constitutional violation, or that Defendants would be liable if a constitutional violation occurred. Instead, the Court finds Plaintiff's claim sufficient to proceed past this stage of the proceedings.

### iii. Plaintiff's Claim Based on Lack of Programming

Plaintiff has failed to state a conditions of confinement claim based on a lack of programming. Plaintiff failed to cite to any case, and the Court is not aware of one, that holds that a lack of programing violates the Eighth Amendment.[1] In fact, as Defendants point out in their reply (ECF No. 118, p. 11), Plaintiff's opposition does not address the issue at all. Accordingly, Plaintiff's conditions of confinement claim based on a lack of programming should be dismissed.

///

---

[1] As discussed on the record at the hearing, there are allegations that might support an equal protection claim, but Plaintiff did not allege an equal protection claim in her FAC.

11

####### iv. Plaintiff's Claim Based on Lack of Contact Visits

Defendants also correctly point out that Plaintiff's opposition does not address the issue of contact visits. (Id.). Moreover, prisoners have no Eighth Amendment right to contact visitation. Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993); Toussaint v. McCarthy, 801 F.2d 1080, 1113-14 (9th Cir. 1986), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Accordingly, Plaintiff's conditions of confinement claim based on a lack of contact visits should be dismissed.

####### v. Plaintiff's Request for Punitive Damages

Finally, as to Defendants request to dismiss/strike Plaintiff's request for punitive damages because Plaintiff failed to allege sufficient facts to support punitive damages, the Court will recommend that it be denied. Rule 54(c) provides that a final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). "Citing this rule, the Ninth Circuit has found that a plaintiff need not include in his complaint a 'specific prayer for emotional distress or punitive damages' in order to give the opposing party proper notice of the claim against him." Preayer v. Ryan, 2017 WL 2351601, at *6 (D. Ariz. May 31, 2017) (quoting Cancellier v. Federated Dep't Stores, 672 F.2d 1312, 1319 (9th Cir. 1982)). If a plaintiff need not even include a prayer for punitive damages in his complaint to receive an award of punitive damages, this Court agrees that it "makes little sense" to require detailed factual allegations to support a demand for punitive damages. Elias v. Navasartian, 2017 WL 1013122, at *5 (citing Soltys v. Costello, 520 F.3d 737, 742 (7th Cir. 2008)). Accordingly, the Court will recommend that Defendants' request to dismiss/strike Plaintiff's request for punitive damages be denied.[2]

///

///

---

[2] The Court's recommendation is limited to the issue of whether Defendants' motion to dismiss/strike is an appropriate vehicle to challenge the sufficiency of a prayer for punitive damages. The Court notes that the lack of detail in the FAC concerning punitive damages could become problematic if this case proceeds to trial, and Plaintiff requests a jury instruction concerning punitive damages.

## IV. RECOMMENDATIONS

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss Plaintiff's First Amended Complaint, or alternatively, to strike certain portions thereof, be GRANTED IN PART AND DENIED IN PART;
2. This case proceed on Plaintiff's conditions of confinement claim based on the dilapidated and decaying condition of the Fresno County South Annex Jail, including conditions such as mold, fungus, crumbling walls, exposed metal, (potentially) asbestos, and an insect infestation;
3. This case proceed on Plaintiff's conditions of confinement claim based on a lack of outdoor exercise;
4. Plaintiff's conditions of confinement claim based on a lack of programming be dismissed;
5. Plaintiff's conditions of confinement claim based on a lack of contact visits be dismissed; and
6. Defendant's motion to dismiss/strike Plaintiff's request for punitive damages be denied;

These findings and recommendations will be submitted to the United States district court judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **fourteen (14) days** after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **seven (7) days** after service of the objections.

\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (quoting <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 29, 2019**            /s/ Elena P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE