# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF FRESNO and MARGARET MIMS,<br><br>        Defendants. | Case No. 1:15-cv-01410-DAD-EPG (PC)<br><br>ORDER FOLLOWING HEARING ON PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 169) |

On July 17, 2020, the Court held a hearing on Plaintiff's motion to compel (ECF No. 169). Counsel Jeff Price telephonically appeared on behalf of Plaintiff. Counsel Leslie Dillahunty telephonically appeared on behalf of Defendants. At the hearing, the Court and the parties also discussed Plaintiff's counsel's request for the Court to approve the cost of an expert witness in jail procedures and administration, as well as whether a settlement conference would be beneficial.

For the reasons stated on the record at the hearing, IT IS ORDERED that:

1. Plaintiff's motion to compel is granted in part and denied in part.
2. Plaintiff's request for the Court to compel a further response to Interrogatories to Sherriff Mims, Set 3, No. 17, is granted, in that Sheriff Mims must supplement her response with information beyond the face of the documents she produced.
3. Plaintiff's request for the Court to compel a further response to Interrogatories to Sherriff Mims, Set 3, No. 19, is granted, in that Sheriff Mims must supplement her response with information beyond the face of the documents she produced.

Additionally, pursuant to Federal Rule of Civil Procedure 33(d), she must specify the records that must be reviewed.

4. Plaintiff's request for the Court to compel a further response to Interrogatories to Sherriff Mims, Set 3, No. 25, is granted.  Sheriff Mims shall set forth the names, business addresses, and telephone numbers of any and all persons who, to her knowledge and belief, witnessed or have knowledge about the incidents subject to this litigation or the events subsequent to or immediately preceding the incidents subject to this litigation.   Sheriff Mims may indicate that the witnesses can be contacted through counsel to the extent that counsel represents them and represents that they can be made available for depositions and trial.

5. Plaintiff's request for the Court to compel a further response to Interrogatories to County of Fresno, Set 1, No. 2, is denied, except insofar as it was granted in relation to Plaintiff's request for the Court to compel a further response to Interrogatories to County of Fresno, Set 3, No. 10.

6. Plaintiff's request for the Court to compel a further response to Interrogatories to County of Fresno, Set 2, No. 5, is granted in part.  County of Fresno shall investigate whether the subject matter of a grievance is available through the grievance registry (see ECF No. 174-1).  To the extent it is available on the registry, County of Fresno shall provide a supplemental response to this interrogatory.  If it is not available, no further response is required.

7. Plaintiff's request for the Court to compel a further response to Interrogatories to County of Fresno, Set 3, No. 10, is granted as to the jail inmates listed by County of Fresno in its response to the interrogatory.  County of Fresno shall provide Plaintiff with the names, inmate numbers, dates of birth, dates of incarceration (if available), and cell block or module identifier (if available).

8. Plaintiff's request for the Court to compel a further response to Interrogatories to County of Fresno, Set 3, No. 11, is denied in light of the order regarding Plaintiff's request for the Court to compel a further response to Interrogatories to

County of Fresno, Set 3, No. 10.

9. Plaintiff's request for the Court to compel further production in response to Request for Production to Sheriff Mims, Set 1, No. 31, is granted in part. Documents containing the requested information must be provided, but only documents from January 1, 2011, through June 30, 2019.

10. Plaintiff's request for the Court to compel further production in response to Request for Production to Sheriff Mims, Set 4, No. 33 is denied.

11. Plaintiff's request for the Court to compel further production in response to Request for Production to Sheriff Mims, Set 4, No. 34, is granted in part. To the extent Sheriff Mims intends to rely on inspection reports, policies, procedures, or reports from an outside agency regarding the conditions of the jail, those documents shall be produced. Sheriff Mims does not need to list any legal argument, nor does she have to provide documents related to the underlying factual allegations regarding the condition of the jail.

12. Plaintiff's request for the Court to compel further production in response to Request for Production to Sheriff Mims, Set 4, No. 37, is denied.

13. Plaintiff's request for the Court to compel further production in response to Request for Production to County of Fresno, Set 6, No. 83, is denied.

14. Plaintiff's request for the Court to compel further production in response to Request for Production to County of Fresno, Set 7, No. 91, is granted, in so far as County of Fresno shall supplement its response to describe what documents were ultimately searched for and produced.

15. Plaintiff's request for the Court to compel further production in response to Request for Production to County of Fresno, Set 8, No. 96, is granted, in so far as County of Fresno shall supplement its response to describe what documents have been produced.

16. Plaintiff's request for the Court to compel further production in response to Request for Production to County of Fresno, Set 8, No. 97, is denied.

17. Plaintiff's request for the Court to compel further production in response to Request for Production to County of Fresno, Set 8, No. 98, is denied.
18. Plaintiff's request for expenses is taken under advisement.  Plaintiff may file a supplement brief on this issue no later than July 24, 2020.  Defendants' response, if any, is due by July 31, 2020.
19. The deposition deadline is extended to August 14, 2020.
20. The expert disclosure deadline, rebuttal expert disclosure deadline, expert discovery cutoff, and dispositive motion filing deadlines are vacated.
21. The parties shall meet and confer regarding a revised schedule.  The parties shall also meet and confer regarding whether a settlement conference would be beneficial, and if so, when it should be set.  By July 31, 2020, the parties shall file a joint proposed schedule, or competing schedules if the parties cannot agree to a joint schedule, including a notation about whether the parties believe a settlement conference would be beneficial, and if so, when it should be set.[1]

IT IS SO ORDERED.

Dated:   **July 21, 2020**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] A separate order will be issued granting Plaintiff's counsel's request for the Court to approve the cost of an expert witness in jail procedures and administration.