UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO and MARGARET MIMS,<br><br>　　　　　　Defendants. | Case No. 1:15-cv-01410-DAD-EPG (PC)<br><br>ORDER AWARDING EXPENSES TO PLAINTIFF UNDER FED. R. CIV. P. 37(a)(5)(C)<br><br>(ECF Nos. 169 & 177) |

On July 2, 2020, Plaintiff filed a motion to compel. (ECF No. 169). Plaintiff also asked the Court to order Defendants to pay the reasonable expenses incurred in bringing the motion, including attorney's fees. (*Id.* at 2). The Court granted the motion to compel in part, and took Plaintiff's request for expenses under advisement. (ECF Nos. 175 & 176).

The parties were granted leave to file supplemental briefing on the issue of expenses. (ECF No. 176, p. 4). Plaintiff filed his supplemental brief on July 24, 2020. (ECF No. 177). Defendants filed their supplemental brief on July 31, 2020. (ECF No. 178). On August 5, 2020, Plaintiff filed an additional declaration in support of her supplemental brief. (ECF No. 181). On August 6, 2020, Defendants filed an objection to Plaintiff's additional declaration. (ECF No. 182).

Plaintiff's request for expenses is now before the Court. For the reasons that follow,

1

the Court will award Plaintiff $2,745.12 in expenses incurred in bringing her motion to compel, which consists of 35% of the 34.4 hours requested at a rate of $228 per hour.

## I. MOTION TO COMPEL

On July 2, 2020, Plaintiff filed a motion to compel. (ECF No. 169). On July 13, 2020, the parties filed their joint statement re: discovery disagreements. (ECF No. 171). The joint statement identified sixteen discovery disputes.

Plaintiff sought, among other things, to compel Sheriff Mims to respond to certain interrogatories. Plaintiff sought to compel a further response to Interrogatories to Sherriff Mims, Set 3, No. 17, which asked defendant Mims to "List each and every occasion (by date and time of day) on which you contend that the plaintiff, Elaine Villareal, was given the opportunity to participate in outside exercise from March 5, 2015, through December 31, 2017. You may respond to this interrogatory with the production of documents that contain the requested information." (*Id.* at 5). Plaintiff also sought to compel a further response to Interrogatories to Sherriff Mims, Set 3, No. 19, which asked defendant Mims to "Describe in detail (including the date(s), the nature of the work and identifying the persons who performed the work), any efforts or measures taken by the County of Fresno (not including efforts by inmates to clean cell areas unless inmate were specifically contracted to perform mold removal) to remove mold in SAJ from January 1, 2015, through December 31, 2017." (*Id.* at 6). Finally, Plaintiff sought to compel a further response to Interrogatories to Sherriff Mims, Set 3, No. 25, which asked defendant Mims to "State the names, business addresses, and telephone numbers of any and all persons who, to your knowledge and belief, witnessed or have knowledge about the incidents subject to this litigation or the events subsequent to or immediately preceding the incidents subject to this litigation." (*Id.*).

Additionally, Plaintiff sought to compel a further response to Request for Production to Sheriff Mims, Set 4, No. 34, which asked defendant Mims to produce "All documents that you contend support your second affirmative defense (ECF No. 147, p.6 of 7)." (*Id.* at 23).

On July 17, 2020, the Court held a hearing on the motion to compel. (ECF No. 175). At the hearing, the Court granted Plaintiff's request to compel a further response to all three of

1  the interrogatories identified above (ECF No. 176, pgs. 1-2), and granted in part Plaintiff's
2  request to compel a further response to Request for Production to Sheriff Mims, Set 4, No. 34
3  (*id.* at 3). The Court also granted five other requests in part, denied six requests in full, and
4  denied Plaintiff's request for the Court to compel a further response to Interrogatories to
5  County of Fresno, Set 1, No. 2, except insofar as it was granted in relation to Plaintiff's request
6  for the Court to compel a further response to Interrogatories to County of Fresno, Set 3, No. 10.
7  (ECF No. 176). The Court also gave the parties leave to file supplemental briefing on the issue
8  of expenses. (*Id.* at 4).

## II. SUPPLEMENTAL BRIEFING

### A. Plaintiff's Supplemental Brief

In her supplemental brief, Plaintiff argues that an award of expenses is appropriate because her motion to compel was "very successful." (ECF No. 177, p. 4). When Plaintiff filed her motion, there were approximately seventy-five requests that needed to be resolved. By the time the parties filed their joint statement, the motion to compel had been trimmed to only sixteen requests because Defendants produced numerous supplemental responses after the motion was filed, including several responses that were served after Plaintiff's counsel informed Defendants' counsel that he would be filing a motion to compel. "Since [Plaintiff's counsel] initiated the motion to compel Defendants have served no less than 16 supplemental responses to Plaintiff's discovery requests, 3 of these supplemental responses were served the same day that the motion was filed on July 2, 2020, after [Plaintiff's counsel] had notified Ms. Dillahunty that the motion was due and that [he] was in preparing to file it, and 6 of these supplemental responses were served 8 days after the motion was filed, on the same day that the Joint Statement was originally due." (ECF No. 177-1, p. 4).

Plaintiff argues that she prevailed on two-thirds of the requests at issue in the motion to compel, including the most important requests. Additionally, Defendants' objections were not substantially justified.

Plaintiff asks that she be awarded fees in the amount of $13,301.33. Plaintiff's counsel states that he spent 4.3 hours preparing the motion to compel, 21.8 hours preparing the joint

1  statement, 4 hours preparing for and participating in the hearing on July 17, 2020, and 4.3
2  hours preparing his supplemental brief. (ECF No. 177-1, p. 5). "This accounting of time
3  expended on this motion to compel does not include any of the numerous hours [Plaintiff's
4  counsel] spent in communicating with Leslie Dillahunty, counsel for the Defendants, by email
5  and by telephone, in meet and confer efforts, nor does it account for the numerous hours my
6  intern, Yasmeen Abushahla, worked on the motion to compel." (*Id.* at 6). Plaintiff requests a
7  rate of $580 per hour. (*Id.*).

        B. <u>Defendants' Supplemental Brief</u>

9          In their supplemental brief, Defendants argue that, throughout discovery, they have
10 responded to voluminous written discovery requests and have produced volumes of documents.
11 Disputes did arise, and there were numerous discussions in that regard between counsel.
12 Additionally, the parties participated in at least two conference calls with the Court. Following
13 the discussions, Defendants provided Plaintiff with considerable supplemental/augmented
14 discovery responses, in accordance with discussions with Plaintiff's counsel and/or with the
15 Court's instructions. "However, good faith disputes remained; and plaintiff felt it necessary to
16 bring the motion to compel." (ECF No. 178, p. 2). "[D]efendants' opposition to plaintiff's
17 arguments at issue in the motion to compel were substantially justified; and this court should
18 therefore deny plaintiff's request for attorney's fees in its entirety." (*Id.*).

19         Defendants also argue that, even if the Court decides to grant Plaintiff's request for
20 expenses, Plaintiff should not be awarded expenses because Plaintiff's counsel submitted no
21 timesheets or billing records in support of the fee request. "In addition to failing to provide
22 sufficient time-keeping documentation, plaintiff's counsel's declaration amounts to improper
23 'block billing.'" (*Id.*). "To the extent that counsel's entries constitute improper block billing,
24 should the court be inclined to grant his motion, it is respectfully requested that the claimed
25 hours be properly, initially reduced by thirty percent." (*Id.* at 7).

26         Defendants also argue that Plaintiff's hour rate of $580 is not properly supported.
27 Additionally, "[u]nder the Prison Litigation Reform Act ('PLRA'), attorneys' fees are subject
28 to a statutory cap. The PLRA requires that the hourly rate be capped at 150 percent of the rate

paid under 18 U.S.C. § 3006A, the Criminal Justice Act ('CJA'), for payment of court-appointed counsel.  42 U.S.C. § 1997e(d)([3]).  Currently, the Ninth Circuit's CJA rate is $152 per hour.  Dillahunty declaration, Exhibit 'B'.  Based on this rate cap and the current CJA rate, the proper hourly rate plaintiff's counsel may be able to recover is $228." (*Id.* at 7-8).

Finally, Defendants request that the Court "reduce the fees by the proportional success of plaintiff's counsel." (*Id.* at 8).

### C. Plaintiff's Additional Declaration

In the additional declaration submitted by Plaintiff, Plaintiff's counsel provides additional details regarding the tasks he completed, when he completed them, and how many hours he spent on each task.  Plaintiff's counsel also provides additional details regarding his relevant work experience.

Finally, Plaintiff argues that "the PLRA does not govern an award of attorney's fees under Fed. R. Civ. P. 37." (ECF No. 181, p. 4).

### D. Defendants' Objections to Plaintiff's Additional Declaration

In their objections, Defendants ask the Court to not consider, and to strike, the additional declaration submitted by Plaintiff because it was late and unauthorized.

## III. LEGAL STANDARDS

Under Rule 37(a)(5)(A):

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> 
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> 
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> 
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

"If the motion [to compel] is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

## IV. ANALYSIS

a. <u>Apportioning Reasonable Expenses</u>

Plaintiff's motion to compel was granted in part and denied in part. Additionally, it appears to be undisputed that Defendants provided certain discovery responses after Plaintiff filed her motion to compel. Accordingly, the Court will attempt to apportion the reasonable expenses for the motion.

Defendants do not appear to dispute that they provided thirteen supplemental responses after Plaintiff filed the motion to compel. Defendants have also not explained why they were substantially justified in withholding this discovery until after the motion to compel was filed.[1]

As to the remaining disputes, in ruling on the motion to compel, the Court granted three requests to compel in full and six in part. (ECF No. 176). The Court also denied six requests in full, and Plaintiff's request for the Court to compel a further response to Interrogatories to County of Fresno, Set 1, No. 2, was denied, except insofar as it was granted in relation to Plaintiff's request for the Court to compel a further response to Interrogatories to County of Fresno, Set 3, No. 10. (ECF No. 176).

As to the following requests on which Plaintiff prevailed, the Court finds that Defendants' objections were not substantially justified: Plaintiff's request for the Court to compel a further response to Interrogatories to Sherriff Mims, Set 3, No. 17 (which was granted); Plaintiff's request for the Court to compel a further response to Interrogatories to Sherriff Mims, Set 3, No. 19 (which was granted); Plaintiff's request for the Court to compel a further response to Interrogatories to Sherriff Mims, Set 3, No. 25 (which was granted); and Plaintiff's request for the Court to compel further production in response to Request for Production to Sheriff Mims, Set 4, No. 34 (which was granted in part).

As to the three interrogatory requests, the requests sought relevant information, and

---

[1] Plaintiff alleges that additional discovery was provided in response to at least three of the disputed discovery requests after Plaintiff informed Defendants' counsel that he would be filing the motion to compel, but before it was filed. (ECF No. 177, p. 4-5; ECF No. 177-1, p. 3). However, as the supplemental discovery was provided prior to the motion to compel being filed and appear to have resolved the disputes, and as there is no evidence of bad faith, the Court will not award expenses based on these discovery requests. Fed. R. Civ. P. 37(a)(5)(A).

1 defendant Mims did not make any legitimate objections as to why she should not have to
2 answer the requests. Defendant Mims did note that documents were produced, but these are
3 integratory requests, not requests for production of documents.[2] Thus, defendant Mims'
4 objections were not substantially justified.

5       As to Plaintiff's request for the Court to compel further production in response to
6 Request for Production to Sheriff Mims, Set 4, No. 34, Plaintiff sought relevant information,
7 i.e., documents that defendant Mims intends to use to support her defense of qualified
8 immunity. While at least one of defendant Mims' objections was sustained (she was not
9 required to list any legal argument or provide documents related to the underlying factual
10 allegations regarding the condition of the jail), defendant Mims was ordered to provide
11 documents she intends to rely on in support of this affirmative defense (ECF No. 176, p. 3),
12 and there was no legitimate basis for withholding those documents. Thus, defendant Mims'
13 objections were not substantially justified.

14       As to Plaintiff's request for the Court to compel a further response to: Interrogatories to
15 County of Fresno, Set 1, No. 2 (which was denied, except insofar as it was granted in relation
16 to Plaintiff's request for the Court to compel a further response to Interrogatories to County of
17 Fresno, Set 3, No. 10); Interrogatories to County of Fresno, Set 2, No. 5 (which was granted in
18 part); and Interrogatories to County of Fresno, Set 3, No. 10 (which was granted in part), the
19 Court finds that Defendants' objections were substantially justified. There was a genuine
20 dispute regarding third-party privacy rights. While the dispute was ultimately resolved largely
21 in Plaintiff's favor, Defendants' objections based on privacy were substantially justified.

22       As to Plaintiff's request for the Court to compel a further response to Request for
23 Production to Sheriff Mims, Set 1, No. 31 (which was granted in part), Defendants' objections
24 were substantially justified. Defendants objected based on privacy, and, as mentioned above,
25 there was a genuine dispute regarding third-party privacy rights. Additionally, based on

---

[2] The Court notes that Interrogatories to Sherriff Mims, Set 3, No. 17, stated that defendant Mims could respond to the interrogatory with the production of documents containing the requested information. However, defendant Mims did not do this either. Instead, she responded by saying that "documentation responsive to this request was previously produced." (ECF No. 171, p. 6).

1  Defendants' objections, the Court limited the time-period from which documents had to be
2  produced.

3     As to Plaintiff's request for the Court to compel further production in response to
4  Request for Production to County of Fresno, Set 7, No. 91, while the request was granted in
5  part, the Court only ordered County of Fresno to "supplement its response to describe what
6  documents were ultimately searched for and produced." (ECF No. 176, p. 3). The Court did
7  not order Defendants to produce documents, which is what Plaintiff appears to have been
8  seeking. Accordingly, the Court finds that Defendants' response and objection was
9  substantially justified.

10    As to Plaintiff's request for the Court to compel further production in response to
11 Request for Production to County of Fresno, Set 8, No. 96, while the request was granted in
12 part, the Court only ordered County of Fresno to "supplement its response to describe what
13 documents have been produced." (ECF No. 176, p. 3). As with the request above, the Court
14 did not order Defendants to produce documents, which is what Plaintiff appears to have been
15 seeking. Accordingly, the Court finds that Defendants' response and objection was
16 substantially justified.

17    Thus, overall, there were seventeen discovery requests on which Plaintiff prevailed and
18 Defendants' responses/objections were not substantially justified. However, as to thirteen of
19 these, the supplemental responses were provided after the motion to compel was filed but
20 before Plaintiff's counsel did most of his work. Out of the sixteen requests that the Court ruled
21 on, there were only four on which Plaintiff prevailed and Defendants' responses/objections
22 were not substantially justified.

23    After consideration, the Court will award Plaintiff 35% of her reasonable expenses. 4
24 out of 16, or 25%, of Plaintiff's requests were granted, and Defendant's objections were found
25 to be not substantially justified. Additionally, the Court is allowing an additional 10%
26 recovery based on the substantial production that was done by Defendants after the motion was

filed.[3]

b. <u>Reasonable Attorney's Fees</u>

While the Court has determined that Plaintiff will be awarded 35% of her reasonable expenses, as Plaintiff's expenses consist of attorney's fees, the Court must also calculate the reasonable attorney's fees.

To begin, the Court notes that Defendants' objections regarding the lack of a timesheet and block billing are well taken. Defendants' objections regarding the additional declaration are also well taken. If Plaintiff wanted to provide additional information and arguments, she should have filed a request for permission to file additional information and arguments.

However, the additional declaration does cure defects in the original filing, and, as the Court has determined that a fee award is appropriate, the Court may have directed Plaintiff to file the additional information in any event.

The Court now turns to calculating the reasonable fees. Reasonable attorney fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). When calculating the lodestar amount, the Court looks "to the prevailing market rates in the relevant community"—in this case the Fresno Division of the Eastern District of California. *Blum v. Stenson*, 465 U.S. 886, 895 & n. 11 (1984).

However, Defendants are correct that, regardless of the lodestar calculation, "[t]he PLRA requires that the hourly rate be capped at 150 percent of the rate paid under 18 U.S.C. § 3006A, the Criminal Justice Act ('CJA'), for payment of court-appointed counsel. 42 U.S.C. § 1997e(d)([3]). Currently, the Ninth Circuit's CJA rate is $152 per hour. Dillahunty

---

[3] The Court notes that it is not finding that Defendants or their counsel acted in bad faith. The Court is only finding that Defendants' responses and objections to certain discovery requests were not substantially justified.

declaration, Exhibit 'B'. Based on this rate cap and the current CJA rate, the proper hourly rate plaintiff's counsel may be able to recover is $228." (*Id.* at 7-8).

Plaintiff argues that "the PLRA does not govern an award of attorney's fees under Fed. R. Civ. P. 37," and cites to a district court case from the Western District of Virginia. (ECF No. 181, p. 4). However, in *Webb v. Ada Cty.*, the United States Court of Appeals for the Ninth Circuit analyzed the issue as follows:

> Webb first contends that the district court erred in applying the PLRA's rate cap to attorney's fees relating to motions for contempt and discovery sanctions. He argues that since the contempt and discovery sanctions fees were awarded under 18 U.S.C. § 401 and Fed.R.Civ.P. 37, these fees should not be limited by the PLRA rate cap because the PLRA applies only to fees awarded pursuant to 42 U.S.C. § 1988. The record shows, however, that Webb's contempt and discovery motions were directly related to his underlying § 1983 cause of action. The discovery sanctions were ordered against Ada County for refusing to turn over documents related to the jail's staffing levels. The purpose of the PLRA "was apparently to curtail frivolous prisoners' suits and to minimize the costs—which are borne by taxpayers—associated with those suits." *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir.1999). Given this purpose, it is unlikely that Congress intended that only part of the attorney's fees awarded in a prisoner lawsuit be subject to the PLRA rate cap. Congress' desire to reduce the costs of these lawsuits would not be furthered by awarding attorney's fees piecemeal; Webb's interpretation of the PLRA's scope would increase litigation over which fees should be paid at which rate. The district court did not abuse its discretion by applying the PLRA rates to fees related to motions for contempt and discovery sanctions.

*Webb v. Ada Cty.*, 285 F.3d 829, 837 (9th Cir. 2002) (footnote omitted). Thus, under Ninth Circuit precedent, the PLRA fee rate cap applies to motions for discovery sanctions, and thus Plaintiff's counsel's fees are capped at $228 per hour.

Based on the declaration of Plaintiff's counsel, it appears that Plaintiff's counsel has approximately twenty-seven years of experience. In light of Plaintiff's counsel's experience, Plaintiff's counsel clearly qualifies for the cap of $228 per hour. *See, e.g., In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (noting attorneys in Fresno Division with twenty or more years of experience are awarded $350.00 to $400.00 per hour, and attorneys with less than fifteen years of experience are awarded $250.00 to $350.00 per hour); *Garcia v. FCA US LLC*, 2018 WL 1184949, at *6 (E.D. Cal. Mar. 7, 2018) (awarding $400.00 per hour to attorney with nearly thirty years of experience; $300.00 to attorney with

nearly fifteen years of experience; $250.00 to attorney with ten years of experience; $225.00 to attorneys attorney with five years of experience; and $175.00 to attorney with less than five years of experience).

Accordingly, the Court will award a rate of $228 per hour.

## V.   CONCLUSION AND ORDER

As analyzed above, the Court will award 35% of the 34.4 hours requested, at a rate of $228 per hour.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is awarded expenses, pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), in the total amount of $2,745.12.
2. Defendants shall file a statement within thirty (30) days certifying that they have complied with their obligation to pay Plaintiffs' expenses as ordered by the Court.

IT IS SO ORDERED.

Dated:  **August 25, 2020**          /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE

11