UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF FRESNO and MARGARET MIMS,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01410-DAD-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL<br><br>(ECF No. 201) |

In connection with her opposition to Defendants' motion for summary judgment, Plaintiff filed a request to seal documents (ECF No. 201). For the reasons below, the Court will grant Plaintiff's request.

**I.    LEGAL STANDARDS**

It appears that this sealing request is governed by the compelling-reason standard.

> Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a "compelling reason" is best left to the sound discretion of the trial court.

Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (alterations, citations, and internal quotation marks omitted).

This district's local rules add to the requirements. Under Local Rule 141(b), a party's

1

"'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information."

## II.      APPLICATION TO PLAINTIFF'S REQUEST

Plaintiff's request does not strictly comply with this Court's local rules.  However, Plaintiff has stated that she is requesting to submit documents under seal pursuant to the protective order that was filed on October 29, 2019.  This protective order states that, "[a]s was discussed at the discovery dispute conference of February 8, 2019, held at 3:00 p.m., and as concluded by the Court after considerable discussion and argument, the portions of the Jail Policy and Procedure Manual are to be produced pursuant to a protective order due to safety concerns, both for correctional staff and for those individuals housed at the jail, should those policies and procedures be made public.  As the Court additionally concluded, the personal information pertaining to individuals who are not parties to the subject litigation involves sensitive matters which should not be disclosed or otherwise made available to the public." (ECF No. 154, pgs. 1-2).  As the Court has already determined that these documents should not be made public because of safety concerns and because the personal information pertaining to individuals who are not parties to the subject litigation involves sensitive matters, the Court finds that a compelling reason exists to allow these documents to be submitted under seal.

## III.      ORDER

Plaintiff's request to seal (ECF No. 201) is GRANTED.[1]

\\\
\\\
\\\
\\\
\\\

---

[1] If any party wishes to challenge the designation as to any particular document, that party may file an objection with the court.  Additionally, the Court notes that Plaintiff's request is being granted with respect to her opposition to Defendants' motion for summary judgment only.  The Court is not deciding whether these documents should be sealed at trial.

Plaintiff shall file the documents identified in her request under seal in compliance with the procedures described in Local Rule 141(e)(2)(i).

IT IS SO ORDERED.

Dated:  **March 9, 2021**                        /s/ *Erica P. Grosjean*
                                                                    UNITED STATES MAGISTRATE JUDGE

3