# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO and MARGARET MIMS,<br><br>Defendants. | Case No. 1:15-cv-01410-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUGDMENT BE GRANTED IN PART AND DENIED IN PART<br><br>(ECF No. 189)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

### I. INTRODUCTION

Elaine Villareal ("Plaintiff") is a former prisoner proceeding *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case proceeds against defendant County of Fresno and defendant Mims "on plaintiff's conditions of confinement claim based on the allegedly dilapidated and decaying condition of the Fresno County South Annex Jail, including alleged conditions such as mold, fungus, crumbling walls, exposed metal, (potentially) asbestos, and an insect infestation," and on Plaintiff's "conditions of confinement claim based on the alleged lack of access to outdoor exercise." (ECF No. 146, p. 2).[1]

On November 2, 2020, Defendants filed a motion for summary judgment on both claims. (ECF No. 189). On March 8, 2021, Plaintiff filed her opposition. (ECF Nos. 197-200

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

& 205-209). On March 12, 2021, Defendants filed their reply. (ECF No. 203). On April 14, 2021, the Court held a hearing on the motion. Counsel Jeff Price telephonically appeared on behalf of Plaintiff. Counsel Leslie Dillahunty telephonically appeared on behalf of Defendants.

For the reasons that follow, the Court will recommend that Defendants' motion for summary judgment be granted in part and denied in part. The Court will recommend that Defendants be granted summary judgment on Plaintiff's conditions of confinement claim based on the allegedly dilapidated and decaying condition of the Fresno County South Annex Jail. The Court will also recommend that defendant Mims be granted summary judgment on Plaintiff's conditions of confinement claim based on a lack of sufficient exercise. However, the Court will recommend that defendant County of Fresno be denied summary judgment on Plaintiff's conditions of confinement claim based on a lack of sufficient exercise.

## II. BACKGROUND

### a. Summary of First Amended Complaint

Plaintiff alleges as follows in her First Amended Complaint:

Plaintiff was booked into the Fresno County South Annex Jail on March 5, 2015. Due to overcrowding of the California Prison System and enactment of AB109, she was booked in Fresno County instead of a state prison.

Plaintiff suffers from severe health problems, including asthma, allergies, pulmonary problems, and difficulty breathing.

In the Fresno County South Annex Jail, Plaintiff was continuously exposed to unhealthy, cruel, unsafe, and dangerous conditions, including black mold, insect bites, exposed steel, and crumbling concrete with mold, fungus, and possible asbestos. Her asthma worsened, she developed sores on her body, and she experienced pain, emotional distress, and despair.

Additionally, she was not afforded even minimal exercise (she was confined to an extremely small cell or cell-block 99% of the time). Defendants deprived Plaintiff of all access to outdoor exercise for a period of weeks, and have not provided Plaintiff with more than an average of 45 minutes per week of outdoor exercise.

Further, Plaintiff is a mother of six, but was denied contact visits with her children.

Finally, Plaintiff was not afforded any kind of programming to provide transition to everyday life.

Plaintiff filed grievances and inmate appeals and notified defendant County of Fresno of the dangerous conditions at the jail and the deleterious effect of policies against contact visits and inmate programming. However, Defendants ignored Plaintiff's requests.

Plaintiff brings a claim against the County of Fresno and Sheriff Margaret Mims for conditions of confinement that violate the cruel and unusual punishment clause of the Eighth Amendment.

### b. Order on Defendants' Motion to Dismiss

On February 26, 2019, the assigned district judge entered an order on Defendants' motion to dismiss the First Amended Complaint. (ECF No. 146). The district judge allowed this case to proceed against defendants Mims and County of Fresno on "plaintiff's conditions of confinement claim based on the allegedly dilapidated and decaying condition of the Fresno County South Annex Jail, including alleged conditions such as mold, fungus, crumbling walls, exposed metal, (potentially) asbestos, and an insect infestation," and "on plaintiff's conditions of confinement claim based on the alleged lack of access to outdoor exercise." (Id. at 2). All other claims were dismissed. (Id.).

## III. MOTION FOR SUMMARY JUDGMENT

### a. Defendants' Motion

Defendants argue that the official capacity claim against defendant Mims "is to be treated as a suit against the County of Fresno, itself. Sheriff Mims, in this regard, should be dismissed as a redundant defendant." (ECF No. 189-2, p. 7).

"As it pertains to Sheriff Mims in her supervisory capacity, she cannot be held liable on a theory of *respondeat superior*. Plaintiff must be able to prove, and cannot prove, the necessary causal link between the sheriff and the claimed constitutional violation. Plaintiff cannot show that Sheriff Mims personally participated in any alleged deprivation, knew and failed to prevent the alleged deprivation or implemented any policy that was in itself the moving force of an alleged constitutional violation." (Id.).

3

As to the County of Fresno, Defendants argue that, as a public entity, it "cannot be held vicarious [sic] liable under § 1983 for the conduct of its employees simply by virtue of the employer-employee relationship. As such, the County is entitled to a judgment in its favor with regard to plaintiff's first amended complaint." (Id.).

As to the <u>Monell</u> claim against defendant County of Fresno, Defendants argue that:

> There is no evidence that plaintiff's constitutional rights were violated by Sheriff Mims.
>
> There is no evidence that the County of Fresno failed to have training or that their training and/or supervision were insufficient.
>
> There is no evidence that the County has in place a formal policy or practice to violate the Constitutional rights of the plaintiff, nor can the plaintiff present any evidence necessary to show each of the elements necessary for finding *Monell* liability on the part of the County. Rather, the County has in place formal written policies which apply to the facts and circumstances set forth in plaintiff's complaint. There is no evidence that any of those policies are unconstitutional.

(Id. at 8).

Finally, Defendants argue that "[t]here is no evidence that Sheriff Mims acted with the requisite evil motive or intent toward the plaintiff to support a claim for punitive damages. The undisputed evidence is that Sheriff Mims does not know the plaintiff and did not learn of plaintiff's claims that are the subject of this lawsuit until some time in mid 2020." (Id.).

      b. <u>Plaintiff's Opposition</u>

Plaintiff states that "[t]he only claim that plaintiff now pursues is the lack of exercise claim." (ECF No. 200, p. 8).

As to this claim, Plaintiff argues that "[t]aking [her] evidence as true, in 2015 plaintiff was not provided with outdoor exercise or recreation. Defendants present no evidence that Plaintiff actually was permitted to exercise. Thus, Defendants have failed to show that it is undisputed that Plaintiff was provided with constitutionally adequate exercise." (Id. at 10) (citation omitted).

"As is shown by her responses to discovery requests, Defendant Mims abdicated and delegated all authority to operate SAJ to subordinates, who failed to provide Plaintiff with even

4

the minimal 3 hours weekly exercise provided for in the county's rules." (Id. at 11) (citations omitted). "Mims's delegation of all authority to operate SAJ shows a reckless and callous indifference on her part to the rights of plaintiff and the other inmates housed in the part of the jail where she was housed, which actually caused the deprivation of Plaintiff's right to exercise. The fact that Mims exhibited a complete, reckless and callous indifference to the rights of Plaintiff and others to exercise resulted in their being deprived of exercise at the hands of Mims's subordinates, who knew that Mims was indifferent to the rights." (Id.) (citation omitted).

"Despite the existence of jail rules that purported to give inmates the right to a minimum of 3 hours of exercise each week, Defendant Mims did nothing to enforce those rules and, by her complete delegation of policymaking and operations authority to subordinates she maintained a custom and practice of ignoring the rules and therefore is subject to supervisory liability and the County is subject to municipal liability." (Id. at 11-12) (citation omitted).

Among other things, Plaintiff includes, as support, a declaration from Plaintiff signed under penalty of perjury (ECF No. 198), and the expert report of Phil Stanley (ECF No. 199-6), who purports to have fifty years of experience working in corrections, including as the Warden of three prisons and as the Commissioner of the New Hampshire Department of Corrections.

    c. Legal Standards for Summary Judgment

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

5

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record … from which a reasonable inference … may be drawn…"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed…." Anderson, 477 U.S. at 255.

  d. <u>Objections to Evidence</u>

To the extent the Court necessarily relied on evidence that has been objected to, the Court relied only on evidence it considered to be admissible. Generally, it is not the practice of the Court to rule on evidentiary matters individually in the context of summary judgment

  e. <u>Plaintiff's Claim based on the Dilapidated and Decaying Condition of the Fresno County South Annex Jail</u>

Defendants moved for summary judgment on the ground that Plaintiff lacked evidence

6

to support her claim based on the dilapidated and decaying condition of the Fresno County South Annex Jail. (ECF No. 189-2, pgs. 2-3). In her opposition, Plaintiff did not submit any evidence in support of this claim, and in fact stated that "[t]he only claim that plaintiff now pursues is the lack of exercise claim" (ECF No. 200, p. 8).

As there is a complete failure of proof as to all essential elements of this claim, the Court will recommend that Defendants be granted summary judgment on Plaintiff's Eighth Amendment conditions of confinement claim against Defendants based on the dilapidated and decaying condition of the Fresno County South Annex Jail.

    f. <u>Plaintiff's Claim Based on Lack of Sufficient Exercise[2]</u>

It is undisputed that defendant County of Fresno had a formal written policy stating that inmates are to be afforded the opportunity to participate in a minimum of three hours of exercise and/or recreation per week. Defendants' Separate Statement of Undisputed Material Facts ("UMF") 26. At the hearing on the motion, Plaintiff's counsel stated that Plaintiff is not challenging the constitutionality of this formal written policy. On the contrary, Plaintiff is arguing that this policy was not followed. Plaintiff's position is that there was an unconstitutional informal settled custom, pursuant to which inmates got significantly less than three hours of exercise per week.

        *i. Legal Standards for Eighth Amendment Conditions of Confinement Claim Based on Lack of Exercise*

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>see also</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and

---

[2] In ruling on the motion to dismiss, the district court allowed this case to "proceed on plaintiff's conditions of confinement claim based on the alleged lack of access to outdoor exercise." (ECF No. 146, p. 2). However, both parties have presented evidence and argument regarding the lack of exercise generally, without distinguishing between outdoor and indoor exercise. Plaintiff's counsel stated at the hearing that Plaintiff was not distinguishing between outdoor and other exercise, and Defendants have similarly addressed both together. Accordingly, the Court will also evaluate Plaintiff's claim as to lack of exercise without differentiating between outdoor and indoor exercise.

harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

In Keenan v. Hall, 83 F.3d 1083 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998), the Ninth Circuit held that an Eighth Amendment claim based on denial of exercise should proceed to trial where inmate was denied outdoor exercise for six months as part of his punishment for violating prison rules regarding possession of weapons. The Keenan court cited to Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979), where the Ninth Circuit noted that "[t]here is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates." The Keenan court also cited to Toussaint v. Yockey, 722 F.2d 1490,

1492-93 (9th Cir. 1984) (upholding preliminary injunction requiring outdoor exercise) and Allen v. Sakai, 48 F.3d 1082, 1087-88 (9th Cir. 1994) (no qualified immunity to outdoor exercise claim).

### ii. Defendant Mims

#### 1. Legal Standards for Supervisory Liability

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

#### 2. Analysis

Defendant Mims has moved for summary judgment on the ground that Plaintiff has failed to put forth any evidence that defendant Mims herself caused Plaintiff's lack of exercise. For the reasons described below, the Court will recommend that summary judgment be granted to defendant Mims on Plaintiff's Eighth Amendment Conditions of Confinement Claim Based

on Lack of Exercise.[3]

It is undisputed that defendant Mims reviews and approves Fresno County Sheriff's Office Jail Division Policies and Procedures, UMF 23, and that Fresno County had a formal written policy stating that inmates are to be afforded the opportunity to participate in a minimum of three hours of exercise and/or recreation per week, UMF 26. See also Inmate Exercise and Recreation Policy, ECF No. 189-3, p. 8 ("It is the policy of the Fresno County Sheriff's Office Jail Division that all inmates shall be afforded the opportunity to participate in a minimum of three (3) hours of scheduled exercise and/or recreation per week."). Defendant Mims claims this formal written policy is constitutional and Plaintiff does not argue otherwise. At the hearing, Plaintiff's counsel confirmed that Plaintiff is not challenging the constitutionally of the written policy. Defendant Mims thus cannot be liable for promulgating or implementing a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.

It is also undisputed that defendant Mims is not personally involved in the daily operations of Fresno County Jail, UMF 9, and that defendant Mims did not come to learn of the existence of Plaintiff until sometime around mid-2020, UMF 20. Defendant Mims thus cannot be liable based on any personal involvement in the alleged deprivation of constitutional rights.

Plaintiff argues that defendant Mims, the Fresno County Sheriff, is liable because delegated all her authority to her subordinates, and her subordinates violated Plaintiff's constitutional rights. Plaintiff argues that this delegation of authority showed a reckless and callous indifference to the rights of Plaintiff and other inmates. Plaintiff also argues that defendant Mims is liable because she did nothing to enforce the official policy.

However, Plaintiff's arguments fail. Defendant Mims submitted evidence, in the form of a declaration from Sheriff's Lieutenant John Copher, who states that "[c]orrectional officers

---

[3] It is not clear if Plaintiff is also bringing an official capacity claim against defendant Mims, and Plaintiff failed to respond to Defendants' argument that the official capacity claim against defendant Mims should be dismissed because it "is to be treated as a suit against the County of Fresno, itself." (ECF No. 189-2, p. 7). Given that Plaintiff failed to respond to this argument, and that in this case the claim does appear to be redundant to Plaintiff's claim against defendant County of Fresno, to the extent that Plaintiff is bringing an official capacity claim against defendant Mims the Court will recommend that it be dismissed.

in the Jail Division of the Fresno County Sheriff's Office are provided training on the jail custom, policy and practice of affording inmates the opportunity to participate in a minimum of three hours of scheduled exercise and/or recreation per week." Copher's Declaration, ¶ 7. Defendant Mims also provides her own declaration, which states that "[a]ll correctional officers at the Fresno County jail facilities, including the South Annex Jail, receive training on emergency procedures, Title 15 standards and related issues as required by the Standards and Training for Corrections." Defendant Mims' Declaration, ¶ 14. Plaintiff did not submit any evidence to rebut either declaration. Therefore, it is undisputed that training on the official policy was provided, and Plaintiff's argument that defendant Mims is liable because she did nothing to enforce the official policy fails.

As to Plaintiff's argument that Sheriff Mims showed a reckless disregard through her failure to enforce the policy, this argument fails in light of a lack of any evidence that defendant Mims knew that either Plaintiff was not receiving exercise or that there was a custom or informal practice of violating the official policy. According to defendant Mims, while she ratifies "the actions and conduct of Correctional Officers at the Fresno County Jail, it is only that conduct which is constitutional and in accordance with the jail policies and procedures. I do not, and never have, ratified conduct of Jail Correctional Officers which is unconstitutional or does not conform with the jail policies and procedures." Defendant Mims' Declaration, ¶ 8.

Plaintiff cites to two cases in support of her argument that Defendant Mims is liable for the constitutional violation: Larez v. City of Los Angeles, 946 F.2d 630 (9th Cir. 1991) and C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170 (E.D. Cal. 2010). However, as Defendants point out in their reply, neither case that Plaintiff relies on is on point.

In Larez, the supervisory defendant, Chief of Police Gates, appealed the denial of his motion for a new trial, in part on the ground that there was insufficient evidence to support a claim for supervisory liability against him. 946 F.2d at 636 & 645. While Gates succeeded on other grounds, the Ninth Circuit found that the jury's verdict against him in his individual capacity was not plain error because there was evidence that Gates did not discipline officers that should have been disciplined, failed to implement new procedures that should have been

11

implemented to prevent the constitutional violations, and signed off on a clearly deficient investigation. Id. at 635 & 646 ("The Larezes alleged that, in his individual capacity, Gates was responsible for their constitutional deprivations because he condoned, ratified, and encouraged the excessive use of force. Their expert witness, armed with both many years of practical police experience and empirical data on police department procedures and operations nationwide and in Los Angeles specifically, testified that, had he been in Chief Gates's shoes, he would have disciplined the individual officers and would have established new procedures for averting the reoccurrence of similar excesses in the future. Yet, neither step was taken by Gates. Instead, he signed a letter informing Jessie Larez that none of his many complaints would be sustained, thereby ratifying the investigation into the Larezes' complaint. The jury's verdict was not in plain error."). Here, there is no evidence to suggest that, after reviewing officers' behavior, Mims failed to discipline officers that should have been disciplined. There is also no evidence suggesting that defendant Mims failed to implement new procedures that should have been implemented to prevent constitutional violations, or that she signed off on a clearly deficient investigation. Thus, this case is not on point.

C.B. is also not on point. First, the section of C.B. that Plaintiff cites to deals with Monell liability, not supervisory liability. 691 F. Supp. 2d at 1185. Moreover, in C.B., the complaint alleged that "the Chief of Police maintained a practice and custom of ignoring the written policy and requiring all detainees, regardless of the circumstances, to be handcuffed." Id. Here, there is no evidence suggesting that defendant Mims maintained a practice or custom of ignoring the written policy. In fact, it is undisputed that training on the official policy was provided, and there is no evidence that defendant Mims knew that the official policy was being ignored.

Thus, neither case is on point. Additionally, neither case suggests that the delegation of authority is, by itself, sufficient to establish supervisory liability, and the Court is aware of no such cases.

As there is no evidence linking defendant Mims to Plaintiff's lack of exercise, and as defendant Mims has submitted evidence that her actions in implementing the formal written

12

policy were constitutional, the Court will recommend that summary judgment be granted to defendant Mims on Plaintiff's Eighth Amendment conditions of confinement claim based on lack of exercise.

### iii. Defendant County of Fresno

#### 1. Legal Standards for Monell Liability

"Local governing bodies … can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978) (footnote omitted).

"To establish liability, [Plaintiff] must show that (1) she was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation." Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citation and internal quotation marks omitted).

A plaintiff may establish the existence of a policy by introducing evidence of "a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citation and internal quotation marks omitted). "The [practice or] custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (quoting Monell, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Id. "[A] plaintiff can show a custom or practice of violating a written policy." Castro v. County of Los Angeles, 833 F.3d 1060, 1075 n.10 (9th Cir. 2016).

#### 2. Analysis

As to Plaintiff's claim against defendant County of Fresno, turning to the first element, whether Plaintiff was deprived of a constitutional right, the Court finds that Plaintiff has

submitted sufficient evidence that she was deprived of a constitutional right, that is, adequate exercise. According to Plaintiff's evidence, which consists of her declaration (Plaintiff's Declaration, ¶ 2) and her movement log (ECF No. 199-1), Plaintiff was denied access to all outdoor exercise for periods of weeks, and on average, she was not provided with more than fifteen minutes of any exercise per week. Plaintiff argues this amount of exercise was unconstitutional. Defendant does not argue otherwise. Indeed, for purposes of summary judgment, Defendants concede that Plaintiff lacked sufficient exercise and a constitutional violation exists. Accordingly, a fair-minded jury could find that Plaintiff was deprived of her constitutional right to exercise. See, e.g., Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010) ("As the district court acknowledged, '[e]xercise is one of the most basic human necessities protected by the Eighth Amendment.' Like food, it is 'a basic human need protected by the Eighth Amendment.' *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir.1996); *see also Wilson*, 501 U.S. at 304, 111 S.Ct. 2321. Our case law uniformly stresses the vital importance of exercise for prisoners.") (alteration in original).

Turning to the second element, the existence of a policy, Plaintiff has submitted evidence that there was an informal settled custom of depriving inmates of sufficient exercise. As described above, defendant County of Fresno had a formal written policy stating that inmates are to be afforded the opportunity to participate in a minimum of three hours of exercise and/or recreation per week. UMF 26. This policy stated that the "schedule for the use of the exercise facilities will be posted in each housing unit." (ECF No. 189-3, p. 8).

However, according to Plaintiff's declaration, "the SAJ officers held out the opportunity to exercise (often referred to as 'getting yard' or 'going to the yard') as a carrot to get inmates to 'get in line' with what the officers wanted the inmates to do on any given occasion, at random." Plaintiff's Declaration, ¶ 5. "The SAJ officers frequently (I am speaking only of the officers who staffed the part of SAJ where I was housed, and, specifically, in 2015) announced to us that we are not going to the yard unless we performed certain duties or acted in certain ways and they frequently and constantly and openly stated that we were 'inmates now' and that we had no right to anything." Id. at ¶ 6. "During this time many inmates complained directly

14

to the officers that we were supposed to get yard time but in response the officers said things that in effect reinforced the idea that exercise time was not at all guaranteed, as stated in the inmate manual, but was a benefit that the officers – in their discretion, which was arbitrary and capricious – bestowed on us inmates without regard for our health or safety or the alleged rules and policies that governed the operation of SAJ." Id. at ¶ 8.

Plaintiff also stated in her declaration that, "[d]uring the period of March 5, 2015, through September 21, 2015, the recreation schedule … was not posted in the part of the jail where I was housed." Id. at ¶ 9. Additionally, during this period, "recreation time was not regularly announced, and, in fact, was rarely announced, in the part of the jail where I was housed." Id. at ¶ 10. "I was not allowed to participate in recreation or exercise according to the recreation schedule, which was actually not posted." Id. at ¶ 12.

Additionally, according to the expert report of Phil Stanley, he reviewed the relevant recreation schedule, and the schedule:

> appears to offer an average of more than one hour of recreation per day. But, Ms. Villareal states that the inmates on her living unit (pod) were not provided one hour of recreation per day, did not have access to the schedule and when the inmates asked about recreation, the response was "exercise is a privilege, not a right." She states that when she and other inmates would ask about recreation, officers would often answer that the time period for recreation had passed for that day. Ms. Villareal also says that they were rarely allowed to "go to the roof" which was the only outdoor recreation area. Her statements regarding the restriction of access to recreation are supported by another inmate, Kristy Flores who says the recreation schedule was not posted, that officers would prevent inmates from exercising in the housing pods, threatening discipline, and that exercise was not provided regularly or sufficiently.
>
> I also reviewed the Post Orders for South Annex Jail Housing Officers and there is no mention of provision of recreation to inmates. Typically, a post order would provide guidance to corrections officers on how and when to provide recreation. In reviewing the post orders for corrections officers working within this the South Annex, with relation to the Gym, it states "The gym schedule shall be posted inside the security station and shall be done on Watch II. (p. 13) This is not sufficient direction to require officers to provide the schedule exercise. If the schedule was only posted in the security office, then it was off limits to inmates. It should be prominently posted for inmates so that they are aware of when to expect to be called to recreation. I also viewed Ms. Villareal's movement history and it is readily apparent that her movement to the gym or recreation was not an hour per day and was extremely limited.

15

(ECF No. 199-6, pgs. 4-5).

Thus, Plaintiff has submitted evidence that the official policy was not followed as a matter of settled custom and that the informal settled custom was the reason she did not receive sufficient exercise. The schedule was not posted in the part of the jail were Plaintiff was housed, and inmates were not given access to three hours of exercise. Instead, during this period, which lasted over six months, guards would require inmates to perform duties or act in certain ways to get exercise, and would tell inmates that they do have a right to anything. Thus, Plaintiff has submitted evidence not of an isolated incident or sporadic incidents, but of a persistent and widespread custom of failing to provide the exercise required by the official exercise policy, and instead using exercise as a reward.

Defendants object to Plaintiff's evidence. One of Defendants' objections is that Plaintiff relies on hearsay in her declaration. However, Plaintiff's declaration as to what guards stated is not hearsay because the guards are employees of defendant County of Fresno, and the statements were made within the scope of the employment relationship. Fed. R. Evid. 801(d)(2)(D) (a statement is not hearsay if it is offered against the opposing party and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."). Moreover, some of the statements allegedly made by the guards, such as the statements that inmates have no right to anything, are verbal acts. That is, the guards said that inmates were not entitled to exercise as part of denying them exercise. Thus, these statements are not hearsay. See Fed.R.Evid. 801(c) advisory committee's note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay…. The effect is to exclude from hearsay the entire category of 'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights") (citation omitted). Accordingly, Defendants' hearsay objections to Plaintiff's references to what guards stated are overruled.

Defendants also argue that Plaintiff's declaration is conclusory, uncorroborated, and self-serving, and thus is not sufficient to defeat summary judgment. The Court disagrees.

1  Plaintiff includes the place (Fresno County South Annex Jail) and time period (March 5, 2015,
2  through September 21, 2015), summaries of statements by others at the jail, and information
3  about the posting of the schedule that supports the existence of an informal settled custom.
4  Thus, the Court finds that Plaintiff's declaration is not so conclusory as to be disregarded,
5  especially as the non-moving party.

6  As to Defendants' argument that Plaintiff's declaration is insufficient to create a
7  genuine dispute of material fact because Plaintiff's declaration is uncorroborated and self-
8  serving, Defendants are incorrect as to what the law requires. Defendants rely on <u>Villiarimo v.
9  Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002), which does state that "this court
10  has refused to find a genuine issue where the only evidence presented is uncorroborated and
11  self-serving testimony" (citation and internal quotation marks omitted). "However, because a
12  party's own testimony will nearly always be self-serving, the mere self-serving nature of
13  testimony permits a court to discount that testimony where it states only conclusions and not
14  facts that would be admissible evidence." <u>Manley v. Rowley</u>, 847 F.3d 705, 711 (9th Cir.
15  2017) (citation and internal quotation marks omitted). The non-moving party's "testimony
16  must be credited at this stage of the proceedings unless it is legally defective." <u>Id.</u> As
17  discussed above, Plaintiff's declaration does not state only conclusions, and Defendants'
18  hearsay objections have been overruled. Thus, Plaintiff's deceleration is sufficient to create a
19  genuine dispute of material fact.

20  Defendants also attempt to counter Plaintiff's evidence with the declaration of Sheriff's
21  Lieutenant Copher. At the hearing, Defendants' counsel specifically pointed the Court to
22  paragraph eight of the Copher declaration, which states "[a]t the Fresno County Jail, the
23  schedule for recreation for inmates is prepared and posted.… Ten minutes prior to a scheduled
24  recreation time, an advanced announcement is made of [sic] the jail's public address system for
25  the pod scheduled for upcoming recreation. At the time scheduled for recreation, a jail CO will
26  go to the pod, announce the recreation; and those who wish to participate are allowed to go to
27  the designated area for the time set forth on the schedule." However, this appears to be the
28  generally applicable procedure, not a sworn statement about what actually happened in the part

17

of the jail where Plaintiff was housed during the relevant period in 2015. The declaration does not state that this procedure was in fact followed at the Fresno County South Annex Jail during the relevant period, and it appears that no such declaration was submitted. In other words, Defendants have not put forth any evidence from anyone with personal knowledge that the formal written policy was actually followed in the part of the jail where Plaintiff was housed during the relevant period in 2015. Moreover, Defendants did not attach any documents, such as movement logs from other inmates, to show that any inmates in that part of the jail at that time were in fact getting three hours of exercise per week.

Additionally, as described above, Defendants concede that Plaintiff herself was not given adequate exercise and have presented no evidence or reason how this could happen if the formal written policy were truly followed. For example, Defendants do not even attempt to argue that Plaintiff's experience was an aberration or otherwise unusual. According to the declaration of Plaintiff, which must be taken as true for the purposes of this motion, during a period that lasted over six months Plaintiff was denied access to all outdoor exercise for periods of weeks, and on average, she was not provided with more than fifteen minutes of exercise per week. Plaintiff's Declaration, ¶ 2. Thus, Defendants' sole reliance on the formal written policy falls short.

Accordingly, a fair-minded jury could find that an informal settled custom of failing to provide adequate exercise existed.

The Court next turns to the third element, which is whether "the policy amounted to a deliberate indifference to [Plaintiff's] constitutional right." Mabe, 237 F.3d at 1110-11.[4] It is undisputed that defendant County of Fresno had a formal written policy stating that inmates are to be afforded the opportunity to participate in a minimum of three hours of exercise and/or recreation per week, UMF 26, and Plaintiff is not challenging the constitutionality of this policy. In addition, it is undisputed that guards were provided training on this policy. UMF 49.

---

[4] "This requires a showing that the facts available to the County put it on actual or constructive notice that its practices with regard to [the policy] were substantially certain to result in the violation of the constitutional rights of [its] citizens." Sandoval v. Cty. of San Diego, 985 F.3d 657, 682 (9th Cir. 2021) (second alteration in original) (footnote, citation, and internal quotation marks omitted).

Taking Plaintiff's evidence as true and viewing in the light most favorable to Plaintiff, despite having what, based on the undisputed evidence, is a constitutional official policy, there was a persistent and widespread custom of failing to provide the exercise required by the official exercise policy, and instead using exercise as a reward. It appears, according to Plaintiff's evidence, that prison officials knew what was constitutionally required but had an informal settled custom that led to Plaintiff not receiving a constitutionally adequate amount of exercise. Additionally, when refusing to provide the required exercise, guards would frequently state that inmates have no right to anything. Accordingly, a fair-minded jury could find that the policy amounted to a deliberate indifference to Plaintiff's constitutional rights.

As to the fourth and final element, a fair-minded jury could find that "the policy was the moving force behind the constitutional violation." Mabe, 237 F.3d at 1110-11 (citation and internal quotation marks omitted). As discussed above, taking Plaintiff's evidence as true and viewing it in the light most favorable to Plaintiff, it was the informal settled custom that led to Plaintiff not receiving a constitutionally adequate amount of exercise.

As a fair-minded jury could find in Plaintiff's favor on all four elements, the Court will recommend that the motion for summary judgment be denied as to Plaintiff's Eighth Amendment conditions of confinement claim based on lack of exercise against defendant County of Fresno.

### IV. RECOMMENDATIONS

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. To the extent that Plaintiff is bringing an official capacity claim against defendant Mims, that claim be dismissed;
2. Defendants' motion for summary judgment be granted in part and denied in part;
3. The motion be denied as to Plaintiff's Eighth Amendment conditions of confinement claim against defendant County of Fresno based on lack of sufficient exercise;
4. The motion be granted as to Plaintiff's Eighth Amendment conditions of

confinement claim against defendant County of Fresno based on the allegedly dilapidated and decaying condition of the Fresno County South Annex Jail;

5. The motion be granted as to Plaintiff's Eighth Amendment conditions of confinement claim against defendant Mims based on the allegedly dilapidated and decaying condition of the Fresno County South Annex Jail; and

6. The motion be granted as to Plaintiff's Eighth Amendment conditions of confinement claim against defendant Mims based on lack of sufficient exercise.[5]

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 29, 2021__            /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

[5] As the Court is recommending that defendant Mims be granted summary judgment on both claims proceeding against her, the Court is not addressing Defendants' argument that there is no evidence to support a claim for punitive damages against defendant Mims.