UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>             Plaintiff,<br><br>      v.<br><br>COUNTY OF FRESNO,<br><br>             Defendants. | No.  1:15-cv-01410-DAD-EPG<br><br><br>FINAL PRETRIAL ORDER |

On May 16, 2022, the court conducted a final pretrial conference. Attorney Jeff Price appeared as counsel for plaintiff; attorney Leslie Dillahunty appeared as counsel for defendant. Having considered the parties' objections, the court now issues this final pretrial order.

In this civil rights action, plaintiff, a former inmate at Fresno County South Annex Jail ("South Annex Jail"), asserts a claim under 42 U.S.C. § 1983 that is predicated on plaintiff's Eighth Amendment claim challenging the conditions of confinement based on an alleged lack of access to sufficient exercise.

I.   JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343(a)(3). Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2). Venue is not contested.

II.  JURY

Both parties have demanded a jury trial. The jury will consist of eight jurors.

1

III. UNDISPUTED FACTS

1. Sheriff Mims was elected to the position of Fresno County Sheriff in November of 2006 and still holds the position of Sheriff for Fresno County today.

2. The chain of command in the Fresno County Sheriff's Office is as follows: the Sheriff, then the Undersheriff, and then there are two Assistant Sheriffs.

3. One Assistant Sheriff oversees the functioning of the Fresno County Jail. The other Assistant Sheriff oversees the operations of the Fresno County Sheriff Deputies.

4. As it pertains to the operation of the jail, under the Assistant Sheriff there are two Captains assigned – one for Operations and one for Services.

5. It is the Operations Captain assigned to the jail who is responsible for the day-to-day functioning of the Fresno County Jail facilities.

6. The Services Captain assigned to the jail is responsible for overseeing the responding to grievances and the provision of services to the inmates.

7. Under the Captains assigned to the jail, there are Lieutenants, and under the Lieutenants are the Sergeants.

8. Under the Sergeants at the jail are the Correctional Officers.

9. Sheriff Mims is not personally involved in the daily operations of any of the Fresno County Jail facilities. This would include, but not be limited to, the South Annex Jail.

10. During her service as the elected Fresno County Sheriff, Sheriff Mims has not received weekly management reports of inmate complaints from the South Annex Jail or any other Fresno County jail facility.

11. During her service as the elected Fresno County Sheriff, Sheriff Mims has not received monthly management reports of inmate complaints from the South Annex Jail or any other Fresno County jail facility.

12. During her service as the elected Fresno County Sheriff, Sheriff Mims has not received quarterly management reports of inmate complaints from the South Annex Jail or any other Fresno County jail facility.

/////

13. During her service as the elected Fresno County Sheriff, Sheriff Mims has not received periodic management reports of inmate complaints from the South Annex Jail or any other Fresno County jail facility.

14. At the South Annex Jail, where the plaintiff was housed, the third and fourth floors are divided into housing pods. Each are identified by a letter "A", "B", "C", etc.

15. Within each pod, there are cells in which the inmates sleep.

16. Each cell also has a sink and toilet.

17. In each pod, there is a multi-headed shower area which is shared by all inmates in that pod.

18. On the roof of the South Annex Jail, there are two outdoor recreation areas or yards. On the second floor of the South Annex Jail, there are two in-door gyms.

19. Both the outdoor recreation area and the gyms are for use by the inmates for exercise and recreation.

20. Sheriff Mims has never received any correspondence from the plaintiff, Elaine Villareal.

21. Sheriff Mims has never met Elaine Villareal.

22. Sheriff Mims did not come to learn of the existence or identity of Ms. Villareal until sometime around mid-2020.

23. Sheriff Mims has reviewed and approved Fresno County Sheriff's Office Jail Division Policies and Procedures.

24. All the approved policies are drafted in compliance with the requirements set forth in Title 15 of the California Code of Regulations.

25. Included as part of the policies Sheriff Mims has reviewed and approved are the Inmate Grievance Procedure, Inmate Exercise and Recreation policy, Cleanliness and Security Inspections policy, and Maintenance Reporting and Repairs policy, as well as other Policies and Procedures.

/////

/////

26. The Fresno County Sheriff's Office, Jail Division, has a custom, policy and practice that inmates in the Fresno County Jail are to be afforded the opportunity to participate in a minimum of three hours of scheduled exercise and/or recreation per week.

27. The Fresno County Sheriff's Office, Jail Division, has a custom, policy and practice of providing an inmate grievance procedure to provide the best and most expedient resolution to inmate complaints at the lowest appropriate staff level.

28. The Fresno County Sheriff's Office, Jail Division, has a custom, policy and practice of providing an inmate grievance procedure that allows for appeal to the next level of review.

29. Correctional officers in the Jail Division of the Fresno County Sheriff's Office are provided training on the jail custom, policy and practice of affording inmates the opportunity to participate in a minimum of three hours of scheduled exercise and/or recreation per week.

30. Correctional officers in the Jail Division of the Fresno County Sheriff's Office are provided training on the jail custom, policy and practice of providing inmates a grievance procedure.

31. Correctional officers in the Jail Division of the Fresno County Sheriff's Office are provided training on the jail custom, policy and practice of providing inmates with the ability to appeal and resolve grievances relating to any condition of confinement that affects the inmate personally.

32. The Fresno County Sheriff's Office, Jail Division, has a custom, policy and practice that all staff members are to identify and properly report any known item in need of repair, maintenance and/or modification.

33. Plaintiff was booked into the Fresno County Jail on or about March 5, 2015.

34. Plaintiff was housed in the South Annex Jail.

35. The relevant time period for plaintiff's allegations is March 5, 2015, through September 17, 2015.

IV. DISPUTED FACTUAL ISSUES

1. Whether Elaine Villareal was denied the right to exercise.

4

  2. Whether the County's exercise policy of providing exercise in accordance with Title 15 of the California Code of Regulations.

  3. Whether jail staff had a policy of not allowing inmates, including the plaintiff, to regularly participate in recreation or exercise.

  4. Whether jail staff constantly announced to inmates that they had no rights.

  5. Whether jail staff would use the opportunity to exercise "as a carrot."

  6. Whether jail staff acted in a manner that was "arbitrary and capricious" in allowing or disallowing inmates to participate in recreation or exercise.

  7. Whether jail staff refused to sign off on properly presented inmate grievances.

  8. All remaining facts are in dispute. Plaintiff incorporates here all her assertions of fact from her Statement of Genuine Issues of Disputed Fact and supporting declarations. (Doc. Nos. 197, 198, 199.) Defendant incorporates here all facts admitted by plaintiff in her response to defendants' Separate Statement of Undisputed Material Facts. (Doc. No. 197.)

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

  The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* below. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

  Plaintiff's Motions *in Limine*

  1. Motion to preclude reference, comment or argument pertaining to any criminal conviction or sentence sustained by plaintiff.

  2. Motion to limit or exclude defendant's expert's testimony, in the event that defendant is permitted to designate an expert.

/////

3. Motion to exclude any detailed testimony regarding any defense expert's prior testimony in other cases, including the details of prior cases.

4. Motion to prevent any defense expert from giving testimony that is outside his expertise as well as matters that are irrelevant to this case, as determined at a *Daubert* hearing.

5. Motion to preclude reference to Plaintiff's recent arrests and incarcerations.

6. Motion to exclude any evidence that the plaintiff had been unemployed.

7. Motion to exclude any testimony, comment or argument from defendant or its experts pertaining to any "bad acts" of plaintiff, including any acts underlying any conviction or sentence.

8. Motion to exclude any testimony, comment or argument from defendant or its experts pertaining to any "bad acts" of plaintiff's witnesses.

9. Motion to require the defense to provide 48-hour notice of the intent to call an opposing party witness.

10. Motion to exclude any evidence, argument, or comment on the circumstances underlying plaintiff's conviction.

Defendant's Motions *in Limine*

1. Motion to preclude evidence not produced during discovery.

2. Motion to preclude questions regarding personnel matters, prior complaints concerning job performance, or prior disciplinary issues as to any Correctional Office or other jail or Sheriff's Office staff who are called to testify in this matter.

3. Motion to challenge the qualifications of plaintiff's retained expert, Phil Stanley, on issues pertaining to jail policies and jail recreation pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

4. Motion to preclude plaintiff from offering any testimony and/or evidence pertaining to matters outside the relevant time period of March 4, 2015 to September 17, 2015.

5. Motion to preclude plaintiff's counsel from improperly arguing punitive damages.

/////

/////

VI. <u>SPECIAL FACTUAL INFORMATION</u>

Special factual information, pursuant to Local Rule 281(b)(6), is not applicable to this action.

VII. <u>RELIEF SOUGHT</u>

1. Plaintiff seeks compensatory damages in an amount according to proof, and all other damages, penalties, costs, interest, and attorneys' fees that are allowed under 42 U.S.C. §§ 1983 and 1988.

2. Defendant seeks a defense verdict, and if defendant so prevails in this action, it will seek the costs of suit and attorneys' fees under 42 U.S.C. § 1988.

VIII. <u>POINTS OF LAW</u>

The claims and defenses arise under federal law. All of plaintiff's claims are brought against the defendant, County of Fresno.

1. The elements of, standards for, and burden of proof in a § 1983 cause of action challenging the conditions of confinement under the Eighth Amendment based on an alleged lack of access to sufficient exercise.

2. The elements of, standards for, and burden of proof for the affirmative defense of administrative exhaustion.[1]

3. The elements of, standards for, and burden of proof for the affirmative defense of the statute of limitations.

4. The elements of, standards for, and burden of proof for the affirmative defense of *respondeat superior*.

5. The elements of, standards for, and burden of proof for the affirmative defense of failure to mitigate damages.

/////

---

[1] In plaintiff's supplemental objections to the tentative pretrial order, she objected to defendant's "attempt to resurrect the abandoned exhaustion of remedies defense, which it is unable to raise." (Doc. No. 244 at 2.) Defendant appears to disagree as it has asserted the defense in its original and first and second supplemental objections to the tentative pretrial order. (*See* Doc. Nos. 240 at 2; 243 at 2–3; 247 at 2–3.) The parties are directed to address whether this affirmative defense has been waived in their trial briefs.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.   ABANDONED ISSUES

Defendant has abandoned its second, fifth, and eighth affirmative defenses asserted in its answer. (Doc. No. 240.) Defendant also abandons the portion of its fourth affirmative defense pertaining to "official capacity." (*Id.* at 2.)

X.    WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**. Defendant's witnesses shall be those listed in **Attachment B**. Each party may call any witnesses designated by the other.

    A.   **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**[2]

        (1)   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

/////

---

[2] Plaintiff objects to this court's criteria for impeachment witnesses (and exhibits), arguing it is contrary to Federal Rule of Civil Procedure 26(a)(3) and "more prejudicial to Plaintiff than it is to Defendant." (Doc. Nos. 241 at 2; 244 at 2; 246 at 2.) Instead of identifying the prejudice she supposedly faces, plaintiff merely states that she "will further brief this issue as appropriate." (*Id.*) Plaintiff's objection in this regard is overruled. Rule 26(a)(3) requires certain pretrial disclosures of evidence that may be presented at trial "other than solely for impeachment" and requires that "these disclosures must be made at least 30 days before trial" unless "the court orders otherwise." Fed. R. Civ. P. 26(a)(3)(A)–(B). Not only has the court ordered otherwise here, but also the advisory committee notes on Rule 26 explicitly clarify that "disclosure of [impeachment] evidence—as well as other items relating to conduct of trial—may be required by local rule or a pretrial order." Fed. R. Civ. P. 26(a)(3), Adv. Comm. Notes, 1993 Amend. Plaintiff's mere assertion that she faces some unidentified or unknown prejudice is insufficient to overcome this court's strong desire—as reflected in its pretrial orders—to avoid the presentation of surprise witnesses and exhibits at trial. *See L. Co. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1171 (10th Cir. 2009) ("The primary purpose of pretrial orders is to avoid surprise.").

          (2)      The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

    B.     Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

          (1)      The witness could not reasonably have been discovered prior to the discovery cutoff;

          (2)      The court and opposing parties were promptly notified upon discovery of the witness;

          (3)      If time permitted, the party proffered the witness for deposition; and

          (4)      If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

Plaintiff's exhibits are listed in **Attachment C**.[3]  Defendant's exhibits are listed in

---

[3] At the pretrial conference and in subsequent minute orders, the court has directed the parties to specify in greater detail the items on their exhibits list.  (*See* Doc. Nos. 242, 245.)  Following three rounds of objections, (*see* Doc. Nos. 240, 241, 243, 244, 246, 247), defendant and plaintiff have largely complied with this directive.  However, in response to the court's specific directive that plaintiff either remove, or specify with greater detail, two generic items appearing on her exhibits list—i.e., "any docket document in this case" and "all ESI . . . in the possession, custody or control of the Defendant"—plaintiff has merely stated that she "objects," without stating any basis for the objection. (Doc. No. 246 at 2.)  Plaintiff also states that she "reserves the right to address this and other issues with the court pretrial."  (*Id.*)  Plaintiff's objection in this regard is overruled.  Plaintiff's attempt to reserve her rights is also not well-taken as she has had several opportunities to address this issue, including at the final pretrial conference and in her response to the court's minute orders directing that further specificity as to her plaintiff's exhibits be provided.  Plaintiff is remined that under Rule 16, "[t]his order controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d); *see also United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 & n.1 (9th Cir. 1981) ("[A] party [may not] offer evidence or advance theories at the trial which are not included in the [pretrial] order or which contradict its terms.").  As such, if plaintiff seeks to admit new exhibits not listed in Attachment C, she will need to either adhere to the procedures set forth in this final pretrial order (if applicable), or seek modification of this order, which a court may only do "to prevent manifest injustice."  Fed. R. Civ. P. 16(e).

**Attachment D**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits. After meeting and conferring, the parties confirmed that there are no joint exhibits in this case. (*See* Doc. No. 247 at 3.) Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**[4]

    A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

---

[4] Plaintiff makes the same objection to this court's criteria regarding impeachment exhibits as she has raised regarding impeachment witnesses. (Doc. No. 241 at 2.) Plaintiff's objection is overruled for the same reasons provided in footnote 3 of this order.

    (1) The exhibits could not reasonably have been discovered earlier;

    (2) The court and the opposing parties were promptly informed of their existence;

    (3) The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

## XII. DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff has indicated the intent to use the following discovery documents at trial:

1. All discovery responses by former defendant Mims and defendant County of Fresno to interrogatories, requests for production of documents and requests for admissions.

2. The transcripts, video recordings, and exhibits from the depositions of plaintiff Elaine Villareal, former defendant Margaret Mims, and Phil Stanley.

3. All Rule 26 disclosures by defendants.

Defendant has indicated the intent to use the following discovery documents at trial:

4. All discovery responses provided by plaintiff Elaine Villareal.

5. All Rule 26 disclosures provided by plaintiff Elaine Villareal.

6. The transcripts from the depositions of plaintiff Elaine Villareal and Phil Stanley.

## XIII. FURTHER DISCOVERY OR MOTIONS

None.

## XIV. STIPULATIONS

None.

## XV. AMENDMENTS/DISMISSALS

None.

/////

/////

## XVI. SETTLEMENT

The parties attended court-ordered settlement conferences with the court before the Magistrate Judge Dennis M. Cota on March 15, 2022 (Doc. Nos. 231, 232), which was unsuccessful. The court will not order any further court supervised settlement conference unless both parties were to request one.

## XVII. JOINT STATEMENT OF THE CASE

The plaintiff alleges that when she was an inmate in the Fresno County Jail from March to September 2015, she was deprived of exercise in violation of her constitution rights. Defendant denies plaintiff's allegations.

## XVIII. SEPARATE TRIAL OF ISSUES

None.

## XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

## XX. ATTORNEYS' FEES

Plaintiff will seek attorneys' fees and costs if she prevails.

Defendant may seek attorneys' fees and reserves its right to contest any claim for attorneys' fees.

## XXI. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

## XXII. MISCELLANEOUS

None.

## XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **November 8, 2022** at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is anticipated to last **up to five** court days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel are directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

/////

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV.  TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

IT IS SO ORDERED.

Dated:  **June 29, 2022**

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Plaintiff's Witness List

1. Elaine K. Villareal, Plaintiff, available through counsel.
2. Sheriff Margaret Mims, address and telephone number unknown but in custody of defense counsel, regarding events and issues that are the subject of this action.
3. Phil Stanley, available through counsel.
4. Kristy Flores, available through counsel.
5. Monica Macias, address unknown.
6. Kimberly Knight, address unknown.
7. Shannon Reis; address unknown.
8. Criscella Garza, address unknown.
9. Kristen Thompson, address unknown.
10. Custodians of records of County of Fresno and the Fresno County Sheriff's Office.
11. Ashlynn Chase, address unknown.
12. Angie Padilla, address unknown.
13. Sgt. Diaz, Fresno County Jail.
14. Deputy Lopez, Fresno County Jail.
15. Deputy D. Miller, Fresno County Jail.
16. Corporal Perez, Fresno County Jail.
17. Haylie Whipple, available through counsel.
18. Rachael Vasquez, address unknown.
19. Sarah Booth, available through counsel.
20. Valerie Keene, available through counsel.
21. Vanessa Hernandez, available through counsel.
22. Samantha Sessions, available through counsel.
23. Ashlie Platt, available through counsel.
24. Kelly McKinney, address unknown.
25. Roxanne Vindiola, address unknown.

**ATTACHMENT B**

Defendant's Witness List

1. Cpt. Jennifer Horton, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
2. Cpt. Ron Vega, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
3. Cpt. Steve McComas, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
4. Lt. John Copher, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
5. Sgt. Javier Vital, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
6. CO III C. Blaire, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
7. Lt. Mendez, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
8. Lt. K. McCoy, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
9. Lt. Russell Duran, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
10. CO III Kamal Singh, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
11. Sgt. M. Nichols, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
12. Dixie Daniel, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
13. Joe Ortiz, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
14. Edward, Martin, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
15. Jeremy Stubbs, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
16. Vincent Williams, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
17. Justin Pratt, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
18. Jim Sanchez, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
19. John Ly, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
20. Raymond Gudino, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
21. Sgt. Osborn, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
22. Luis Gastelluum, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
23. Michael Bowman, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
24. Anthony Turner, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
25. John Velasco, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
26. Sgt. Robert Capps, Fresno County Jail, 1225 M Street, Fresno, CA 93721.

27. Sixto Maldonado, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
28. R. Cruz, LVN, Corizon, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
29. M. Akioyame, LVN, Corizon, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
30. Natalie Ramos, RN, Corizon, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
31. Dulces Gonzales, SRN, Corizon, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
32. Lisa Madala, NP, Corizon, Fresno County Jail, 1225 M Street, Fresno, CA 93721.
33. Robert Fonzi, RJF & Associate, Inc., P.O. Box 1154, Yucaipa, CA 92399.

**ATTACHMENT C**

Plaintiff's Exhibit List

| | |
|---|---|
| 1 | Inmate grievances submitted by Plaintiff while at South Annex Jail ("SAJ") and responses to those grievances. |
| 2 | A chart summarizing Plaintiff's SAJ inmate grievances. |
| 3 | Plaintiff's movement history while incarcerated in SAJ. |
| 4 | A chart summarizing Plaintiff's movement history. |
| 5 | Photographs of the inside of SAJ. |
| 6 | Photographs of SAJ — exterior. |
| 7 | Exhibits pertaining to the condemnation of SAJ. |
| 8 | The FCSO Jail Division Inmate Orientation Handbook. |
| 9 | Diagrams of the cellblocks and floors where Plaintiff was incarcerated in SAJ. |
| 10 | Diagrams of SAJ. |
| 11 | Blueprints of SAJ. |
| 12 | Diagrams of the rooftop recreation area (Yard). |
| 13 | Diagrams of other SAJ recreation areas. |
| 14 | Grievances submitted by other SAJ inmates, including Rachael Vasquez and Kristy Flores. |
| 15 | SAJ Recreation Schedule (Exhibit 12). |
| 16 | Photographs of SAJ Gym (7) — obtained in discovery. |
| 17 | Photographs of SAJ Yard (5) — obtained in discovery. |
| 18 | All exhibits to Plaintiff's opposition to the defendants' motion for summary judgment, ECF No. 199. |
| 19 | All exhibits to the depositions of plaintiff Elaine Villareal, former defendant Margaret Mims, and Phil Stanley. |

**ATTACHMENT D**

Defendant's Exhibit List

| | |
|---|---|
| A | Fresno County Jail Policies and Procedures pertaining to exercise. Policy No. E-180. |
| B | Plaintiff's jail medical records (March 15, 2015, through September 17, 2015). All medical records were previously provided to plaintiff's counsel during discovery. |
| C | South Annex Jail inspections documentation. [COF 00014 – 00072] |
| D | Publicly available photographs of Elaine Villareal. [Booking photographs] |
| E | Fresno County jail inmate records pertaining to the plaintiff, Elaine Villareal, for the relevant time period (March 5, 2015, through September 17, 2015) previously provided to plaintiff's counsel during discovery. |
| F | Fresno Superior Court Case No. F13911283 court docket pertaining to plaintiff's felony conviction, incarceration, and re-incarceration. |
| G | Fresno Superior Court Case No. F14907021 court docket pertaining to plaintiff's felony conviction, incarceration, and re-incarceration. |
| H | Charts/month at-a-glance calendars detailing Plaintiff's movement history for the relevant time period as documented in the movement history previously provided to plaintiff's counsel during discovery. |
| I | Fresno County Jail Policies and Procedures pertaining to Inmate Grievance Procedure. Policy No. E-140. |