UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO,<br><br>        Defendant. | Case No. 1:15-cv-01410-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 253) |

      Plaintiff Elaine K. Villareal is proceeding *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  On September 29, 2022, the Court directed Plaintiff's counsel to file a notice informing the Court whether a writ of habeas corpus ad testificandum is necessary to secure Plaintiff's attendance at the trial.  (ECF No. 250).  On September 30, 2022, Plaintiff's counsel filed his response.  (ECF No. 251).  On October 3, 2022, the Court issued an order stating that it will not issue a writ of habeas corpus ad testificandum to secure Plaintiff's attendance at trial or any other inmate witnesses' attendance at trial.  (ECF No. 252).  On that same day, Plaintiff filed a motion for reconsideration of the portion of the Court's order stating that it will not issue a writ for other inmate witnesses' attendance at trial.  (ECF No. 253).

      For the reasons discussed below, the Court will deny Plaintiff's motion for reconsideration.

      Under Federal Rule of Civil Procedure 60(b),

1

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (Id.) (citation and internal quotation marks omitted).

Plaintiff has failed to set forth facts or law that shows that she meets any of the above-mentioned reasons for granting reconsideration.

In the Court's order stating that it will not issue a writ to secure any other inmates' attendance at trial, the Court noted that "Plaintiff's counsel does not identify any other inmate witnesses for which a writ is necessary. Moreover, the deadline to file motions for attendance of incarcerated witnesses has long since passed. (See ECF No. 223)." (ECF No. 252, p. 2). In her motion for reconsideration, Plaintiff argues that she could not meet the January 28, 2022 deadline for filing motions for incarcerated witnesses because, at the time, "it was virtually impossible for Plaintiff's counsel to know whether or not witnesses would be incarcerated at the time of trial because the trial date had not been set." (ECF No. 253, p. 1). "On May 18, 2022, it was virtually impossible to know whether or not witnesses would be incarcerated unless they were incarcerated in state or federal prison or, under certain circumstances, in jail." (Id.). And, "[b]ecause a witness could be arrested and jailed at any time it is thus impossible to know whether a witness will be incarcerated at the time of trial." (Id. at 2). Even assuming this is true, Plaintiff provides

no explanation as to why she did not ask the Court to extend the deadline for filing motions for the attendance of incarcerated witnesses so that she could file the motion closer to trial.

Moreover, the Court previously informed Plaintiff that she is "required to make a particularized showing in order to obtain the attendance of incarcerated witnesses." (ECF no. 223, p. 2). In determining whether to grant a motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983). See also Lopez v. Cate, 2016 WL 3940341, at *2 (E.D. Cal. July 20, 2016). However, Plaintiff's motion does not address any of these factors. Instead, she states that her counsel is still actively attempting to locate witnesses," and that she "requests that the Court issue a writ of habeas corpus for Sarah Booth, Booking Number 2030570." Thus, even if the Court were to consider Plaintiff's motion for reconsideration as a timely motion for the attendance of incarcerated witnesses, it would be denied based on the information provided thus far.

Accordingly, the Court will deny Plaintiff's motion for reconsideration. However, if Plaintiff wishes to renew her motion for attendance of incarcerated witnesses, she may file such a motion no later than October 7, 2022. The motion should provide an explanation as to why the Court should consider the untimely motion, as well as address the factors identified above. If Plaintiff files a motion for the attendance of incarcerated witnesses, Defendant has until October 12, 2022, to file its response.

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED;
2. Plaintiff has until October 7, 2022, to renew her motion for attendance of incarcerated witnesses.

\\\

\\\

3. If Plaintiff renews her motion for attendance of incarcerated witnesses, Defendant has until October 12, 2022, to file its response.

IT IS SO ORDERED.

Dated: **October 4, 2022**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE