UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO,<br><br>        Defendant. | Case No. 1:15-cv-01410-ADA-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS<br><br>(ECF No. 256) |

## I. BACKGROUND

This action is proceeding against defendant County of Fresno ("Defendant") on Plaintiff's Eighth Amendment claim challenging the conditions of confinement based on alleged lack of access to sufficient exercise. (ECF Nos. 146 & 217). According to Plaintiff, there was an unconstitutional informal settled custom, pursuant to which inmates got significantly less than three hours of exercise per week. (See ECF No. 212, p. 7). The trial is currently scheduled for November 8, 2022. (ECF No. 238).

On October 3, 2022, the Court issued an order stating that it will not issue a writ of habeas corpus ad testificandum to secure Plaintiff's attendance at trial or any other inmate witnesses' attendance at trial. (ECF No. 252). In so ordering, the Court noted that "Plaintiff's counsel does not identify any other inmate witnesses for which a writ is necessary. Moreover, the deadline to file motions for attendance of incarcerated witnesses has long since passed." (Id. at 2). On that same day, Plaintiff filed a motion for reconsideration of the portion of the Court's order stating that it will not issue a writ for other inmate witnesses' attendance at trial.

(ECF No. 253).  Plaintiff's motion for reconsideration was denied, as was Plaintiff's motion for the attendance of incarcerated witnesses (to the extent it was included in the motion for reconsideration).  (ECF No. 255).  However, the Court gave permission Plaintiff permission to renew her motion for attendance of incarcerated witnesses.  (Id. at 3).  In the renewed motion, the Court directed Plaintiff to "provide an explanation as to why the Court should consider the untimely motion" and to address the relevant factors for obtaining attendance of incarcerated witnesses.  (Id.).

On October 7, 2022, Plaintiff renewed her motion for attendance of incarcerated witness.  (ECF No. 256).  On October 12, 2022, Defendant filed its opposition to the motion.  (ECF No. 257).

Plaintiff's renewed motion is now before the Court.  Plaintiff asks to have one inmate witness, Sarah Booth, No. 2030570, be brought to Court to testify at the trial.  Defendant objects to the attendance of this witness.  For the reasons described below, the Court finds that Ms. Booth should be brought to testify at the upcoming trial.

## II. PLAINTIFF'S MOTION

In her motion, Plaintiff asks the Court to have Sarah Booth brought to court to testify at the upcoming trial. (ECF No. 256, p. 1).  Plaintiff's counsel states that he interviewed Ms. Booth on October 5, 2022.  (Id.).  "Ms. Booth demonstrated a clear recollection of events, personal knowledge of the events that are the subject matter of this action, and a willingness to testify and to be transported to the courthouse to testify as a witness for the Plaintiff."  (Id.).

Plaintiff argues that the security risks are nonexistent.  (Id. at 2).  According to Plaintiff's counsel, "[o]n the day [he] met with Ms. Booth [he] was given access to a locked corridor inside South Annex Jail and shown to a series of interview rooms and permitted to select one, which [he] did; Ms. Booth, who was unhandcuffed and without waistchains or shackles, was permitted to walk into the interview room unescorted after which [he] interviewed her; thus [he] believe[s] that Ms. Booth is a low security risk."  (Id. at 3).

Plaintiff also argues that the expense of the transport and security will be minimal because Ms. Booth is housed 0.3 miles from the court.  (Id. at 2).  Moreover, a stay pending

Ms. Booth's release from custody is not reasonable because Ms. Booth "has not proceeded to the Preliminary Hearing in her criminal case and there is a pre-preliminary hearing date of January 11, 2023." (Id. at 4). Plaintiff further argues that Ms. Booth's testimony is not duplicative. (Id.). "[T]hough the Plaintiff and two other witnesses are to be called to testify Plaintiff has the burden of proof and this is a *Monell* case; thus, it is important that Plaintiff show that the customs, practices and policies of the Defendant County were longstanding, widespread or well-settled and the testimony of one additional witness would thus not be duplicative but would be important evidence." (Id.). Finally, Plaintiff argues that there is no prejudice to Defendant. (Id. at 2).

Plaintiff's counsel further states that he did not ask the Court to extend the deadline to file motions for attendance of incarcerated witnesses because he had "not yet determined which witnesses would be called to testify." Moreover, he believed that he had located several witnesses, including Ms. Booth, at non-custodial addresses, but mistakenly did not recheck the address of Sarah Booth upon receiving the July 21, 2021, order. (Id. at 1-2).

**III.   DEFENDANT'S OPPOSITION**

In her opposition, Defendant argues that Plaintiff failed to sufficiently explain why she did not timely file the motion. (ECF No. 257, pgs. 1-2). Defendant states that Ms. Booth has been incarcerated in Fresno County Jail since December of 2020, which was approximately a year and a half before the Court issued its order setting the deadline for filing motions for attendance of incarcerated witnesses. (Id. at 2).

As to the relevant factors, while "Plaintiff's counsel indicates that he believes Ms. Booth 'is a low security risk,'" "he ignores the fact that she was arrested on charges of kidnaping, assault with a semiautomatic firearm, assault by means likely to produce great bodily harm, amongst other various charges." (Id.). Her bond was set at "more than one half a million dollars," and "she has been classified in medium security housing, not minimal or low." (Id.). Moreover, "while housed in the jail, Ms. Booth incurred new and additional charges of possession of drugs and/or alcohol in a jail." (Id.).

Additionally, Plaintiff failed to show how Ms. Booth's testimony will substantially

further the resolution of this case because she failed to adequately describe the testimony that Ms. Booth will provide, and only alleged, in a conclusory manner, that her testimony is not duplicative.  (Id. at 2-3).

"[T]his court should conclude that the importance of Ms. [Booth's] presence at the trial cannot be ascertained.  As such, the inconvenience and expense, as well as potential safety issues, of transporting [her] from the jail to the Federal Courthouse outweighs any benefit she may provide."  (Id. at 3).

## IV. DISCUSSION

"The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." Cummings v. Adams, 2006 U.S. Dist. LEXIS 9381, *6, 2006 WL 449095 (E.D. Cal. Feb. 17, 2006).  Accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

In determining whether to grant Plaintiff's motions for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983).  See also Lopez v. Cate, 2016 WL 3940341, at *2 (E.D. Cal. July 20, 2016).

After conducting a "cost-benefit analysis regarding whether the inmate[s] should come to court," Cummings, 2006 U.S. Dist. LEXIS 9381 at *7, the Court has determined that Ms. Booth should be brought to court to testify.

While the assertions are somewhat conclusory, Plaintiff's counsel explains that he interviewed Ms. Booth, and "that she remembers the conditions inside Fresno County South Annex Jail and that she has personal knowledge of events that are relevant and material to the issues to be presented for adjudication in this case." (ECF No. 256, p. 3).  Additionally, Plaintiff's counsel asserts that he will call Ms. Booth to testify regarding the custom at issue in this case.  (Id. at 4).  Finally, for purposes of this motion, the Court finds persuasive Plaintiff's

argument that the testimony is important and not simply duplicative because Plaintiff has the burden to show a custom that was longstanding, widespread, or well-settled, and the testimony of an additional witness will help show this. Thus, Plaintiff has sufficiently shown that Ms. Booth's presence will substantially further the resolution of the case.

The remaining factors also support Plaintiff. While the Court does not agree that the risk in transport in "nonexistent," Defendant does not point to any particular risk in having Ms. Booth transported to court. Moreover, Defendant does not contest that Ms. Booth is incarcerated 0.3 miles away from the court, so the expense of transportation and security should not be great. Finally, no one argues that this case should be stayed until Ms. Booth is released. Moreover, given the age of this case, staying the case would be prejudicial.

As to the fact that the motion was not timely filed, based on the explanation provided by Plaintiff, as well as the fact that there appears to be no prejudice to Defendant because Ms. Booth is already included on the witness list in the final pretrial order (ECF No. 248, p. 14), the Court will excuse the late filing.

Accordingly, the Court finds that Ms. Booth should be brought to court to testify at the upcoming trial.

**V.   ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for attendance of incarcerated witness is GRANTED.[1]

The Court will, in due course, issue a writ of habeas corpus ad testificandum to have Sarah Booth, No. 2030570, brought to court to testify at the trial.
IT IS SO ORDERED.

Dated:   **October 13, 2022**                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] In ruling on this motion, the Court is not making any evidentiary rulings. The Court is only conducting a cost-benefit analysis to determine whether Ms. Booth should be brought to court. Thus, nothing in this order prevents Defendant from raising objections to Ms. Booth's testimony at trial or in an appropriate pretrial motion.