UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO,<br><br>        Defendant. | No.  1:15-CV-01410-ADA-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS KRISTY FLORES<br><br>(ECF. No. 267) |

       This action is proceeding against Defendant County of Fresno ("Defendant") on Plaintiff's Eighth Amendment claim challenging the conditions of confinement based on the alleged lack of access to sufficient exercise.  (ECF Nos. 146, 217.)  The trial is currently scheduled for November 8, 2022.  (ECF No. 238.)  Although the deadline to file motions for attendance of incarcerated witnesses has passed, upon Plaintiff's request, the Court directed Plaintiff to file a motion for attendance of incarcerated witness Kristy Flores during the status conference on October 19, 2022.  On October 20, 2022, Plaintiff filed such motion.  (ECF No. 267.)  On October 25, 2022, Defendant filed an opposition to Plaintiff's motion.  (ECF No. 273.)

       In her motion, Plaintiff requests that the Court either (1) permit Kristy Flores to testify by live videoconference or (2) issue a writ of habeas corpus ad testificandum because she is incarcerated in a transitional housing residence in Stockton.  (ECF No. 267 at 1.)  Plaintiff relies on the factors set forth in *Wiggins v. County of Alameda*, 717 F.2d 466 (9th Cir. 1983): (1)

1

1  whether the inmate's presence will substantially further the resolution of the case; (2) the security
2  risks presented by the inmate's presence; (3) the expense of transportation and security; and (4)
3  whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.
4  *Id.* at 468 n.1.  Plaintiff explains that Ms. Flores recollects the events inside the South Annex Jail
5  that are subject of this action.  (ECF No. 267 at 2.)  Plaintiff further asserts that Ms. Flores
6  presents no security risks and that the expenses for transportation and security are minimal.  (*Id.*)
7  Therefore, Plaintiff urges the Court to grant her motion for attendance of Ms. Flores.

8        In opposition of Plaintiff's motion, Defendant argues that Plaintiff fails to make a
9  particularized showing as to the need for Ms. Flores's testimony.  (ECF No. 273 at 2.)  Defendant
10 notes that Plaintiff simply states that Ms. Flores's testimony will "substantially further the
11 resolution of the case" and that she has "demonstrated . . . that she has a recollection of the
12 events" relevant to Plaintiff's case.  (ECF No. 267 at 2, 4.)  Defendants cite to *Walker v. Sumner*,
13 14 F.3d 1415 (9th Cir. 19994) to support denying Plaintiff's motion.  In *Walker*, the court
14 declined to order the writ because the plaintiff refused to indicate what the witness would testify,
15 which prevented the court to ascertain the importance of the witness's testimony.  *Id.* at 1422.
16 The court further concluded that the inconvenience and expense of transporting him would
17 outweigh any benefit he would provide.  *Id.*

18       In the event the Court grants Plaintiff's motion, Defendant requests that the Court issue
19 the writ of habeas corpus ad testificandum for Ms. Flores to testify in person.  (ECF No. 273 at 3.)
20 Pursuant to Federal Rule of Civil Procedure 43(a), Defendant argues that neither good cause nor
21 compelling circumstances exist to permit Ms. Flores to testify via videoconference.  (*Id.*)
22 Defendant contends conducting the testimony via Zoom would severely prejudice Defendant
23 because the jury would be unable to make observations and assessments regarding Ms. Flores's
24 testimony.  (*Id.*)

25       While Plaintiff's assertions are somewhat vague and conclusory as to the importance of
26 Ms. Flores's testimony, the Court grants Plaintiff's motion for attendance of Ms. Flores.
27 Plaintiff's counsel explains that Ms. Flores's testimony would not be duplicative of other
28 witnesses' testimonies.  (ECF No. 267 at 6.)  Additionally, Plaintiff's counsel asserts that Ms.

Flores is "one of the inmates who filed grievances regarding the conditions of SAJ." (*Id.*) Because this is a *Monell* case, Plaintiff emphasizes the importance of Ms. Flores's testimony, along with three other witnesses, to support that Defendant has a "longstanding, widespread, or well-settled" policy of preventing inmates from exercising the minimum of three hours a week. (*Id.*) Because Ms. Flores's testimony may substantially further the resolution of the case, the Court grants Plaintiff's motion for Ms. Flores' attendance at trial. The Court finds that the other *Wiggins* factors support granting Plaintiff's motion. The Court further recognizes the possible prejudice against Defendant if Ms. Flores testifies via videoconference, so the Court further orders a writ of habeas corpus ad testificandum to bring Ms. Flores to court to testify at trial.

Accordingly,

1. Plaintiff's motion for attendance of incarcerated witness, (ECF No. 267), is GRANTED; and
2. The Court will, in due course, issue a writ of habeas corpus ad testificandum to have Kristy Flores, No. WG7864, brought to court to testify at the trial.

IT IS SO ORDERED.

Dated:  October 27, 2022

UNITED STATES DISTRICT JUDGE