UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF FRESNO,<br><br>    Defendant. | No. 1:15-CV-01410-ADA-EPG (PC)<br><br>ORDER DENYING DEFENDANT'S BILL OF COSTS<br><br>(ECF Nos. 338, 339) |

  Elaine K. Villareal ("Plaintiff") was a state prisoner proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The jury trial began on November 8, 2022. (ECF No. 320.) On November 14, 2022, the jury returned a verdict in favor of Defendant County of Fresno ("Defendant") and judgment was entered on the same date. (ECF Nos. 336, 337.) Defendant filed its bill of costs on November 21, 2022, seeking $1,198.40. (ECF No. 338.) Plaintiff untimely opposed the bill of costs according to Local Rule 292.[1] (ECF No. 339.) For the reasons discussed below, Defendant's bill of costs against Plaintiff is denied.

---

[1] According to Local Rule 292, "[t]he party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection." Because Defendant filed its bill of costs on November 21, 2022, Plaintiff must have submitted her objections within seven days on November 28, 2022. Plaintiff untimely filed her objections on December 4, 2022. Although they are untimely, the Court considers Plaintiff's objections and strongly advises Plaintiff to review this Court's local rules prior to filing further papers with the Court.

1

### A. Legal Standard

Costs are awarded to the prevailing party in civil actions as a matter of course absent express statutory provision, "unless the court otherwise directs." Fed. R. Civ. P. 54(d). The rule creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). A district court need not give affirmative reasons for awarding costs; instead, it need only find that reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. *Id.* at 945. The court may consider the prevailing party's misconduct; the case presents an issue of "the gravest public importance" that affects "tens of thousands" of individuals; the issues are close and complex; the claims are not without merit; and the costs are extraordinarily high. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 593 (9th Cir. 2000). The court should also consider the financial resources of the plaintiff and the chilling effect on future similar actions. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also Nat'l Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982).

### B. Discussion

In her objections to Defendant's bill of costs, Plaintiff first argues that she is "unemployed and suffers from numerous ailments." (ECF No. 338 at 3.) Second, Plaintiff argues that awarding costs to Defendant may have a chilling effect on other civil rights litigation. (*Id.*) Third, Plaintiff argues that even though she did not prevail in her case, it does not mean that her claims lacked merit. (*Id.*) Fourth, Plaintiff contends that she litigated her case in good faith because she had defeated Defendant's motion for summary judgment and conducted extensive discovery. (*Id.* at 4.) Overall, Plaintiff argues that Defendant's bill of costs should be denied in its entirety. (*Id.*)

In *Stanley v. University of Southern California*, the court found the plaintiff's argument that payment of costs would render her indigent as compelling. 178 F.3d at 1079. "The mere fact that Stanley had not obtained employment at the time of the filing of the cost bill is persuasive evidence of the possibility she would be rendered indigent should she be forced to pay $46,710.97—the total amount that the district court awarded against her." *Id.* at 1080. Although the court rejected the plaintiff's claims, the court found that the plaintiff raised important issues and the answers were far

1  from obvious. *Id.* "Without civil rights litigants who are willing to test the boundaries of our laws,
2  we would not have made much of the progress that has occurred in this nation since *Brown v. Board*
3  *of Education*, [347 U.S. 483 (1954)]." *Id.* Therefore, the court held that the district court abused
4  its discretion in failing to re-tax the costs awarded to the defendants. *Id.*

5  In *Draper v. Rosario*, 836 F.3d 1072 (9th Cir. 2016), the court held that the district court
6  abused its discretion when it awarded $3,018.35 against the plaintiff alleging Eighth Amendment
7  violations in a state prison. *Id.* at 1089. The court found that individual Eighth Amendment cases
8  are important for safeguarding the rights and safety of prisoners, indicating that it is a case of
9  substantial public importance. *Id.* at 1088. The court also found that the case was close because
10 the plaintiff's evidence was sufficient to survive summary judgment, leaving it to the jury to assess
11 competing accounts of the alleged events. *Id.* The court further reasoned that such a large cost
12 award could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons.
13 *Id.* "Many would-be litigants in Eighth Amendment excessive force cases . . . have virtually no
14 resources. Even those with meritorious cases may choose not to risk an unsuccessful lawsuit that
15 could add to the fees and costs associated with conviction and imprisonment." *Id.* The court also
16 noted that district courts have routinely declined to award costs against prisoners proceeding *in*
17 *forma pauperis* under similar circumstances, citing potential chilling effects. *Id.* at 1088-89 (citing
18 *Baltimore v. Higgins*, No. 1:10-CV-00931-LJO, 2014 WL 804463, at *2 (E.D. Cal. Feb. 27, 2014)
19 (denying $1,462.61 in costs and noting that the potential chilling effect of being taxed with costs
20 upon defeat cannot be ignored in indigent inmates' section 1983 cases)).

21 Here, the Court finds that Plaintiff presents sufficiently persuasive arguments to overcome
22 the presumption in favor of a cost award. Like *Draper*, the Court finds that Plaintiff's claims
23 present an important issue, an Eighth Amendment violation, and that the case was close because
24 her case survived summary judgment with respect to Defendant. (*See* ECF No. 217.) Similar to
25 the plaintiffs in *Stanley* and *Draper*, Plaintiff's *in forma pauperis* status and lack of employment
26 makes the financial disparity between her and Defendant (whose defense bills were undoubtedly
27 paid by its employer) self-evident. (*See* ECF No. 4.) Plaintiff was only able to obtain counsel
28 through pro bono appointment via the Court. (*See* ECF No. 47.) Thus, the Court finds that Plaintiff

qualifies as having limited financial resources, which supports denying Defendant's bill of costs. There is also no evidence of misconduct by Defendant, nor bad faith in litigation by Plaintiff. Finally, while the Court may be inundated with similar cases filed under section 1983 by indigent inmates, the potential chilling effect of being taxed with costs upon defeat cannot be ignored. Therefore, the totality of the circumstances support denial of a defense cost award in this case.

Accordingly,

1. Defendant's Bill of Costs, filed November 21, 2022, (ECF No. 338), is DENIED. Defendant shall not recover costs in this case.

IT IS SO ORDERED.

Dated:   December 13, 2022

UNITED STATES DISTRICT JUDGE